Trong Nghi DO and Stephen Owen Johnson, Appellants,

v.

HUBER, FORMAGUS, HOLSTEAD AND GUIDRY INSURANCE, INC. and Colonial Surplus Underwriters Agency, Appellees.

No. 09 86 114 CV.

Court of Appeals of Texas, Beaumont.

March 19, 1987.

Rehearing Denied April 8, 1987.

Jon B. Burmeister, Moore, Landry, Garth & Jones, Beaumont, James M. Black, Black & Black, Port Arthur, for appellants.

Daniel C. Ducote, Strong, Pipkin, Nelson & Bissell, Beaumont, Rick Lee Oldenettel, Gilpin, Pohl & Bennett, Houston, Daniel Clayton, Beaumont, for appellees.

## OPINION

DIES, Chief Justice.

In 1982, Stephen Owen Johnson ("Johnson") purchased a double-rigged, wooden hull shrimp boat in Morgan City, Louisiana. Subsequently he sold the boat to Trong Nghi Do ("Do") and, in part, financed it, taking a first lien on the balance. Do and Johnson discussed the placing of insurance on the vessel, and it was placed through Phil Guidry (Huber, Formagus, Holstead and Guidry Insurance, Inc., of Port Arthur, Texas). The latter went through a broker in Beaumont, Texas, N. Edwards, who

placed the insurance contract through a California broker. The California broker secured coverage with Graystone Insurance Company of England. The required premiums were paid by Do to Guidry until the vessel sank in Gulf waters.

Do, as plaintiff, and Johnson, as intervenor, sued Guidry's insurance company, Huber, Formagus, Holstead and Guidry Insurance, Inc.; Colonial Surplus Underwriters Agency; Mariners' Commercial Insurance Services, Inc.; and Graystone Insurance Company. The latter did not answer and, apparently, never honored its coverage on the policy. Mariners' Commercial Insurance Services, Inc., did not answer either, and apparently is connected with the California broker above alluded to; however, this is not clear from our statement of facts. One Transure, Ltd., was another party defendant. Again, from the statement of facts, we are unable to ascertain what connection that defendant had in the lawsuit.

After Do and Johnson presented their case in chief to a jury, the court directed a verdict because "the Court is of the opinion that there is no evidence of any producing and/or proximate cause on the part of the conduct of the Defendants that resulted in any damages sustained by Plaintiff and/or Intervenor."

The court further permitted a severance of plaintiff's and intervenor's claims against Transure, Ltd., Graystone Insurance Company, and Mariners' Commercial Insurance Services, Inc. From this judgment plaintiff and intervenor have perfected appeal to this Court. Their one ground of error follows:

"The trial court erred in rendering an instructed verdict in favor of defendants in that there was sufficient evidence to raise fact issues, so as to entitle the case to be submitted to the jury."

■ For the directed verdict to have been proper, there must have been an absence of fact issues. 3 R. MCDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS sec. 11.25, at 189 (Rev.1983). The test is set out in section 11.28.2, as follows:

"When reasonable men may differ as to the truth of controlling facts, a jury issue is present."

In carrying out this assignment, the trial court, without passing upon the credibility of witnesses, must accept as true all evidence which, when liberally construed in favor of the adverse party, tends to support such adverse party's contentions, and discard all contradictory evidence favorable to the movant. MCDONALD, *supra,* sec. 11.28.2, at 197, and authorities cited. *See also, Cameron County Good Government League v. Ramon,* 619 S.W.2d 224 (Tex. Civ.App.—Beaumont 1981, writ ref'd n.r. e.).

Both Do and Johnson conversed with Guidry, although the coverage was placed by Johnson. Johnson testified Guidry informed him that Lloyds of London was guaranteeing the policy, and Johnson informed Guidry he wanted him to select sound coverage. Guidry knew Graystone was not rated by "Best Guide" and was a "non-admitted" company in Texas. Guidry had not requested or received a financial statement from Graystone. Neither did Edwards make any request for a Graystone financial statement. According to Johnson, he turned down coverage from T.E. Moor and Company in favor of Guidry's firm.

■ It was plaintiff's and intervenor's position that Guidry and Edwards (and their companies) were negligent in the selection of Graystone. Of course, such was not the latter parties' position, who contended that Graystone was the only coverage that could be secured for an old, wooden hull shrimper. However, the authorities we cite herein, to us, clearly make this a controversial fact issue; therefore, a directed verdict was improper. We sustain appellants' point of error and remand this cause to the trial court for a trial.

Reversed and Remanded.