Annamma and Jacob MATHEW, Individually, and as next friend of Sobhana Mathew, a minor, Appellants,

v.

Barney L. McCOY, Law Offices Of Barney L. McCoy, P.C., Sinderson, Daffin, Flores & Stool, a Texas general partnership, Mary Sinderson, Mary A. Daffin, Maria A. Flores–Beck and Anna E. Stool, Appellees.

No. A14–92–00304–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 4, 1993.

George R. Neely, Houston, for appellants.

Kenneth R. Breitbeil, R. Edward Perkins, Richard A. Sheehy, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and SEARS and ELLISS, JJ.

## OPINION

SEARS, Justice.

In this appeal from a summary judgment, the parents of a young daughter, whose meningitis was allegedly misdiagnosed, contend the attorneys prosecuting their medical malpractice claim committed legal malpractice. In six points of error, appellants claim (1) the motion for summary judgment should have been held in abeyance due to a protective order entered in another trial court, and (2) summary judgment was improper. We affirm.

On June 29, 1984, Jacob and Annamma Mathew, as next friends of their daughter, Sobhana, entered into a contingency fee agreement with the law firm of Sinderson, Daffin, Flores & Stool ("the Sinderson law firm") to represent them in a medical malpractice action to be filed against Dr. Gary Nimetz and Dr. Alvin Jaffee. The underlying claim arises from the Mathews' contention that Drs. Nimetz and Jaffee examined Sobhana in May, 1982, but failed to diagnose her as having meningitis. In December, 1984, the Sinderson law firm referred the Mathews' case to attorney Barney L. McCoy, who filed suit against the doctors two years later, on December 19, 1986. On October 12, 1988, the Mathews filed a motion for nonsuit without prejudice, which the trial court signed October 31, 1988. The Mathews filed this legal malpractice claim against McCoy and the Sinderson law firm on June 4, 1990, adding the individual attorneys as defendants on May 24, 1991.

Appellees filed a motion for summary judgment on November 4, 1991, claiming there could be no cause of action for legal malpractice in regard to a medical malpractice claim, because the medical malpractice claim was barred by the two-year statute of limitations *before* appellants contacted the Sinderson law firm. Appellants failed to file a response to controvert the summary judgment proof offered by appellees. Further, appellants' attorney failed to appear at the summary judgment hearing. Instead, he filed a continuance, alleging he was too busy to timely respond. The motion was not verified as required, was not served on opposing counsel, and failed to state a sufficient cause. *See* TEX.R.CIV.P. 251.

On November 27, 1991, the trial court granted the law firms' motion for summary judgment. The Mathews filed a "Motion to Set Aside Order" on December 19, 1991. Appellants contend that such a motion to reconsider a final, appealable judgment constitutes a motion for new trial. *See Hill v. Bellville Gen. Hosp.*, 735 S.W.2d 675, 677 (Tex.App.—Houston [1st Dist.] 1987, no writ). That motion was denied by written order December 23, 1991. Four days later, the Mathews filed another motion, styled "Motion for New Trial," on which the trial court took no action. This appeal followed.

First, appellants contend their "Motion for Protection," although not verified, required the trial court to continue the hearing on appellees' motion for summary judgment. However, a motion for continuance is required to be verified. *See Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986) (denial of motion for continuance presumed not a clear abuse of discretion where motion is not verified); *City of Houston v. Blackbird*, 658 S.W.2d 269, 272

(Tex.App.—Houston [1st Dist.] 1983, writ dism'd) (court of appeals must presume trial court did not abuse its discretion in denying motion for continuance not verified, as required by TEX.R.CIV.P. 251, 252). In addition, appellants failed to obtain a ruling on their "motion for protection," and there is nothing in the record to show that appellants ever set the motion for an oral hearing or for submission. Motions made in a pending lawsuit are waived unless presented to and acted upon by the trial court prior to rendition of judgment. *Martin v. Uvalde Sav. & Loan Ass'n*, 773 S.W.2d 808, 814 (Tex.App.—San Antonio 1989, no writ); *see Cabrera v. Cedarapids, Inc.*, 834 S.W.2d 615, 618 (Tex.App.—Houston [14th Dist.] 1992, writ granted) (citations omitted); *Calaway v. Gardner*, 525 S.W.2d 262, 264 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ). Error, if any, was waived. Regarding appellants' arguments that their constitutional and due process rights were violated, these contentions were waived by failing to raise them in a timely motion for new trial. TEX.R.APP.P. 52(a); *see St. Gelais v. Jackson*, 769 S.W.2d 249, 251 (Tex.App.—Houston [14th Dist.] 1988, no writ). Issues not expressly presented to the trial court by written motion, answer, or other response may not be considered as grounds for reversal on appeal. TEX.R.CIV.P. 166a(c). Cases cited by the Mathews pertaining to discovery sanctions are irrelevant to the issue before this Court. We overrule points of error one and two.

■ Next, appellants contend the grounds presented to the trial court are insufficient as a matter of law to support the summary judgment. Specifically, their points of error three through six assert (1) limitations as improper grounds for the ruling, and (2) genuine issues of material fact that preclude summary judgment. Because the Mathews failed to respond to the motion for summary judgment, the only issue to be resolved is whether summary judgment proof presented to the trial court is sufficient as a matter of law to support the summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). In addition, the summary judgment does not specify the ground or grounds relied on by the trial court; therefore, we must affirm the judgment if any of the theories advanced are meritorious. *Carr v. Brasher*, 776 S.W.2d 567 (Tex.1989). Appellees contend the undisputed factual evidence and defenses presented to the trial court as summary judgment proof bar recovery as a matter of law. *Citizens First Nat'l Bank v. Cinco Exploration Co.*, 540 S.W.2d 292, 294 (Tex. 1976) (citations omitted).

■ Legal malpractice is governed by a two-year statute of limitations, regardless of whether the action is couched in terms of contract or some other theory of recovery. *Willis v. Maverick*, 760 S.W.2d 642, 644 (Tex.1988); *Gumm v. Owen*, 815 S.W.2d 259, 261 (Tex.App.—El Paso 1991, no writ). Certainly, limitations on appellants' claim for legal malpractice began to run no later than October 31, 1988, when the medical malpractice claim was dismissed. Because the individual attorneys were not added as parties nor served until more than two years had passed, limitations had run, and no judgment can be taken against them. *Cothrum Drilling Co. v. Partee*, 790 S.W.2d 796, 800 (Tex. App.—Eastland 1990, writ denied) (citations omitted). Point of error three, regarding the individual attorneys' statute of limitations defense, is overruled.

■ Regarding the law firms, appellants contend there are genuine issues of material fact that preclude summary judgment. Appellees respond that the underlying claims against the doctors by the Mathews in their individual capacities were barred by limitations *before* they contacted the law firms. In what is styled a motion for new trial, the Mathews included exhibits tending to show the medical care complained of did not cease until March or August of 1983. However, this Court is limited to evidence tendered or admitted at the time the trial court ruled on the motion for summary judgment. *Mendez v. Int'l Playtex, Inc.*, 776 S.W.2d 732, 733–34 (Tex. App.—Corpus Christi 1989, writ denied); *Nicholson v. Memorial Hosp. Sys.*, 722

S.W.2d 746, 749 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). At the time of the ruling, there was no summary judgment proof that Drs. Nimetz or Jaffee continued to treat Sobhana after May, 1982. Rather, the evidence established that Dr. Jaffee examined Sobhana on May 14, 1982, and Dr. Nimetz examined Sobhana on March 8 and May 17. On May 19, 1982, Dr. Nimetz requested "that the parents take her to Texas Children's Hospital Emergency Room for immediate emergency care." On May 19, 1982, the Mathews were *told* that Sobhana had contracted meningitis.

The Mathews first met with Anna E. Stool, of the Sinderson law firm, on June 29, 1984, more than two years after the Mathews learned of the alleged misdiagnosis. A health care liability claim must be filed "within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or hospitalization for which the claim is made is completed." TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Supp.1993); *Sax v. Votteler,* 648 S.W.2d 661, 667 (Tex.1983).

In an action alleging medical negligence, a summary judgment may be based upon the affidavit of the defendant doctor. TEX.R.CIV.P. 166a(c). Once the doctor has negated, as a matter of law, the elements of the plaintiff's cause of action, the burden shifts to the plaintiff to introduce expert testimony to prove the doctor's diagnosis or treatment constituted negligence that was a proximate cause of the injury. *Trevino v. Houston Orthopedic Ctr.,* 782 S.W.2d 515, 516 (Tex.App.—Houston [14th Dist.] 1989, no writ). Here, the physicians' affidavits asserted that their treatment met the applicable standard of care for pediatric medicine. The Mathews and their attorneys failed to controvert the affidavits. Appellants contend that it is "unconscionable" for the defendant law firms to rely on the presumed nonliability of the doctors—and the failure to rebut the doctors' affidavits—when the defendant law firms had pursued appellants' case on the contention that the doctors did commit medical malpractice. However ironic it may be, that does not relieve the Mathews of their burden to present summary judgment proof to the court that their suit against the doctors would have been successful but for the negligence of the law firms. *See, e.g., Cosgrove v. Grimes,* 774 S.W.2d 662, 666 (Tex.1989); *Jackson v. Urban, Coolidge, Pennington & Scott,* 516 S.W.2d 948, 949 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.).

We overrule appellants' points of error regarding fact issues that would preclude summary judgment for the law firms.

Finally, appellants contend the trial court abused its discretion when it dismissed Sobhana's legal malpractice claims against the law firms. As a minor under the age of 12, Sobhana has until her fourteenth birthday to file, or have filed on her behalf, a health care liability claim. TEX. REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Supp.1993). Therefore, the trial court could not dispose of her cause of action. Accordingly, there is no legal malpractice claim for the failure to pursue this cause of action because it still exists as a matter of law. Accordingly, point of error number six is overruled.

The judgment of the trial court is affirmed.