

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-09-00255-CV

ADRIANNA RUIZ TAYLOR                                                              APPELLANT

V.

ERIC DA'VELL TAYLOR                                                               APPELLEE

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

## OPINION ON REHEARING

------------

We have considered Appellee's motion for reconsideration en banc of our opinion issued September 16, 2010. We deny the motion, but we withdraw our September 16, 2010 opinion and judgment and substitute the following.

## I. Introduction

Appellant Adrianna Ruiz Taylor appeals from a July 1, 2009 final decree of divorce. Adrianna contends in two issues that the trial court erred by refusing to hear evidence concerning retroactive child support because Appellee Eric Da'Vell Taylor had fair notice of her request for retroactive child support and because Eric

did not specially except to her failure to specifically plead for retroactive child support. We reverse and remand.

## II. Factual and Procedural Background

Adrianna and Eric were married on August 31, 1997, and had one child. Eric filed a petition for divorce on April 10, 2008, and sought "orders for conservatorship and support of the child" in the event that he and Adrianna could not reach an agreement on those matters. Adrianna filed a petition for divorce on April 24, 2008. In her original petition, Adrianna requested that Eric "be ordered to make payments for the support of the child" and that the trial court enter a temporary order requiring Eric to pay "child support . . . while this case is pending." The trial court consolidated the two cases on May 13, 2008.

On May 7, 2009, Eric's counsel announced to the trial court that the parties had "reached an agreement on all issues pertaining to the division of property, assignment of liabilities, current child support, health insurance, conservatorship, rights, duties, and responsibilities." Eric's counsel also stated, "There's an issue that [Adrianna's counsel] reserves to litigate later after we do the prove up." Eric and Adrianna each then testified to their agreement, and Adrianna testified that she was reserving the issue of retroactive child support.

Following the parties' prove-up of their agreement, the trial court stated to Adrianna's counsel, "And you indicated, Ms. Lucking, the remaining issue is

2

retroactive support." Eric's counsel then objected to any evidence concerning retroactive child support because Adrianna did not specifically plead for retroactive child support. After hearing argument, the trial court sustained the objection and stated, "I'm going to overrule the request for retroactive child support. I find that it has to be pled in the face of an objection and it has not been pled."

On May 26, 2009, Adrianna filed a motion to reconsider the trial court's ruling concerning retroactive child support, and the trial court conducted a hearing on July 1, 2009. At the conclusion of the hearing, the trial court stated, "The court finds that the request for retroactive support must be specifically pleaded, and that special exception was not required." The trial court then denied the motion to reconsider and signed the final decree of divorce. Adrianna timely filed her notice of this appeal.

### III. Standard of Review

To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). An appellate court cannot conclude that a trial court abused its discretion merely because the appellate court would have ruled

3

differently in the same circumstances. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *see Low*, 221 S.W.3d at 620. However, a trial court's erroneous legal conclusion, even in an unsettled area of law, is an abuse of discretion. *Perry v. Del Rio*, 66 S.W.3d 239, 257 (Tex. 2001) (orig. proceeding); *Huie v. DeShazo*, 922 S.W.2d 920, 927–28 (Tex. 1996) (orig. proceeding).

## IV. Analysis

Adrianna contends in her first issue that the trial court erred by refusing to hear evidence concerning retroactive child support because her pleadings gave Eric fair notice that she sought retroactive child support from the date of separation through the date of judgment or, alternatively, from the date of her original petition through the date of judgment. In her second issue, Adrianna argues that Eric waived any complaint concerning the sufficiency of her pleading for retroactive child support by failing to specially except.

Texas follows a "fair notice" standard for pleading. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000); *see* Tex. R. Civ. P. 45. Generally, a pleading provides fair notice of a claim when an opposing attorney of reasonable competence can examine the pleadings and ascertain the nature and basic issues of the controversy and the relevant testimony. *Auld*, 34 S.W.3d at 896. In the absence of special exceptions, the petition should be

4

construed liberally in favor of the pleader. *Id.* at 897; *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993) (op. on reh'g); *see also London v. London*, 192 S.W.3d 6, 13 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (reviewing husband's pleadings liberally in his favor in determining sufficiency of pleading relating to modification and offset to child support payments, including retroactive child support payments, in the absence of sustained special exceptions to husband's pleadings); *Van Buren v. McMillen*, No. 14-03-00928-CV, 2004 WL 1898799, at *2 (Tex. App.—Houston [14th Dist.] Aug. 26, 2004, no pet.) (mem. op.) (rejecting contention that retroactive child support award was not supported by pleadings and construing pleadings liberally in pleader's favor in absence of special exceptions); *In re S.L.M.,* 97 S.W.3d 224, 232–33 (Tex. App.—Amarillo 2002, no pet.) (holding that pleadings, in absence of special exceptions, sufficiently raised retroactive child support but reversing in part because trial court's order awarded retroactive child support for improper dates).

Here, Adrianna's original petition requested that Eric "be ordered to make payments for the support of the child" and further sought a temporary order for "child support . . . while this case is pending." This pleading provided Eric with fair notice of Adrianna's request for child support during the pendency of the case. *See Auld*, 34 S.W.3d at 896. And there can be no dispute that Eric had specific notice that Adrianna sought retroactive child support. *See Martinez v.*

5

*Martinez*, 61 S.W.3d 589, 590–91 (Tex. App.—San Antonio 2001, no pet.) ("Specific notice is required when retroactive child support is being sought." (quoting *In re J.G.Z.*, 963 S.W.2d 144, 148 (Tex. App.—Texarkana 1998, no pet.))). The parties announced to the trial court that they had agreed to all issues concerning "division of property, assignment of liabilities, current child support, health insurance, conservatorship, rights, duties, and responsibilities" and that Adrianna had reserved the issue of retroactive child support to be litigated after the parties testified about the matters to which they agreed. Although "one who is sued on specific theories of recovery is not required to except to the petition and ask whether there are other theories that the pleader wants to allege," *Haynes v. City of Beaumont*, 35 S.W.3d 166, 180 (Tex. App.—Texarkana 2000, no pet.), Adrianna's petition sought an order for child support and requested a temporary order for child support during the pendency of the case, and Eric had specific notice that Adrianna was reserving the issue of retroactive child support for trial.[1] Thus, the trial court abused its discretion by refusing to hear evidence concerning child support from the date of Adrianna's original petition through the date of judgment. Therefore, we sustain the part of

---

[1] Moreover, we note that Eric does not dispute that he is the child's father, that he did not have custody of the child after he and Adrianna separated, or that he did not pay child support pending the outcome of the divorce proceeding.

6

Adrianna's first issue concerning retroactive child support from the date of her original petition through judgment.

In the remainder of her first issue, Adrianna contends that the trial court abused its discretion by refusing to hear evidence concerning child support from the date of separation through the date of her original petition, but Adrianna's petition does not mention or even refer to a request for child support for that period of time. In her second issue, and relying on *Van Buren*, 2004 WL 1898799, at *2, Adrianna argues that Eric waived any complaint concerning the sufficiency of her pleading by failing to specially except. In *Van Buren*, however, the pleading at issue requested "that any increase in [child support] be made retroactive to the earlier of the time of service [of] citation on [Van Buren] on the original motion or the appearance of [Van Buren] in this modification action." *Id.* The court stated in dicta[2] that this pleading was sufficient to constitute a request for retroactive child support. *Id.* But Adrianna's only relevant requests for child support are that Eric "be ordered to make payments for the support of the child" and that the trial court should make a temporary order requiring Eric to pay "child support, health insurance premiums for coverage on the child, and 50 percent of the child's uninsured medical expenses while this case is pending." Nothing in

---

[2] The *Van Buren* court's statements concerning the sufficiency of the pleading are dicta because the court had previously held that Van Buren had waived any complaint concerning the sufficiency of the petition by failing to file

her pleading even hints that she sought child support for dates prior to the date of her original petition.

Eric was "not required to except to the petition and ask whether there are other theories that [Adrianna] want[ed] to allege." *Haynes*, 35 S.W.3d at 180. Thus, while Adrianna's petition provided Eric with fair notice of her request for child support during the pendency of the case, nothing in Adrianna's petition suggests that she sought child support from the date of separation through the date she filed her original petition. Requiring Eric to specially except to Adrianna's petition to determine whether Adrianna sought child support prior to the date of her original petition would be akin to requiring a defendant to specially except to a plaintiff's pleading because other theories or causes of action are available but not included in the plaintiff's pleading. We hold that Adrianna's original petition did not provide Eric with fair notice of her request for retroactive child support from the date of separation through the date of Adrianna's original petition and that Eric did not waive his complaint concerning the sufficiency of Adrianna's pleading for retroactive child support from the date of separation through the date of her original petition by failing to specially except. Therefore, we overrule the remainder of Adrianna's first issue and all of her second issue.

---

special exceptions. *Id.*

## V.  Conclusion

Having sustained Adrianna's first issue in part, having overruled the remainder of her first issue, and having overruled her second issue, we reverse the trial court's judgment and remand this case to the trial court for further proceedings consistent with this opinion.

ANNE GARDNER
JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

DELIVERED:  February 24, 2011