

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00344-CV

LARRY KEITH LAKE AND LARRY                                    APPELLANT
KEITH LAKE D/B/A VIP FINANCE
AUTO

V.

DANNY MCMILLAN AND MARCY                                      APPELLEES
MCMILLAN

----------

## FROM THE 348TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellees Danny and Marcy McMillan sued appellant Larry Keith Lake—individually and doing business as VIP Finance Auto—for breach of contract, unlawful repossession and conversion, violation of the Fair Debt Collection Practices Act, violation of the Truth in Lending Act, violation of the Certificate of

---

[1]*See* Tex. R. App. P. 47.4.

Title Act, and fraud. In their petition, they alleged that Danny had contracted with VIP Finance Auto for a loan, pledging his vehicle as collateral, and that appellant had wrongfully repossessed the vehicle.

Appellees contended in their petition that they had paid more than was due on the loan when appellant wrongfully repossessed the vehicle. Their breach of contract claim stated that VIP breached its agreement with Danny because of the premature repossession of the vehicle. They also alleged that "[a]t no time was Plaintiff in breach, nor was Plaintiff notified that Defendant believed that Plaintiff was in breach."

Appellees specifically alleged that they "were also forced, as a term of this contract, to enroll in an 'auto club[,]' . . . [that] is purportedly an entity separate from" appellant. They claimed, under the subtitle, Fair Debt Collection Practices Act, that appellant had "attempted to collect, as part of his reasoning for repossession, a past due fee for the 'auto club.'" Thus, they contended that the auto club charges violated the Fair Debt Collection Practices Act and the Truth in Lending Act.

After a bench trial, a visiting judge rendered judgment for appellees in the amount of $3,000 plus attorney's fees of $5,100. In findings of fact, the trial court determined that appellees had paid the loan through August 15, 2008, but appellant repossessed the truck on July 10, 2008; that Danny signed only a proposal for the auto club, that no meeting of the minds occurred, and that there was no valid contract for the auto club; and that appellant had no right to

2

repossess the vehicle. The trial court also concluded that appellees had performed all duties under the contract for the loan, that Danny had not contracted with the auto club, that appellant committed an unlawful repossession and conversion, and that appellees were entitled to the replacement cost of their vehicle.

## Whether Nonexistence of Auto Club Contract Properly Pled

In his first issue, appellant contends that the award against him was not in conformance with appellees' pleadings.

Texas follows a fair notice standard for pleading. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000); *Taylor v. Taylor*, 337 S.W.3d 398, 401 (Tex. App.—Fort Worth 2011, no pet.) (op. on reh'g); *see* Tex. R. Civ. P. 45. Generally, a pleading provides fair notice of a claim when an opposing attorney of reasonable competence can examine the pleadings and ascertain the nature and basic issues of the controversy and the relevant testimony. *Auld*, 34 S.W.3d at 896; *Taylor*, 337 S.W.3d at 401. In the absence of special exceptions, the petition should be construed liberally in favor of the pleader. *Auld*, 34 S.W.3d at 897; *Taylor*, 337 S.W.3d at 401.

Appellees' main contention in their pleadings and at trial was that they were not behind on their payments—but rather had paid in excess of what they owed—when appellant repossessed their car. Appellees' petition states that the loan amount was "$2,071.17, with 41 installment payments of $50.00 due" and that appellant had "attempted to collect, as part of his reasoning for

3

repossession, a past due fee for the 'auto club.'" Appellant contended in his answer that appellees owed "five weeks ($500.00)" of payments when the car was repossessed. Appellees' pleadings gave fair notice that they were not bound by the charges in the auto club contract and that appellant was not entitled to repossess the vehicle by virtue of their not having paid those charges. *See Leal v. Weightman*, No. 01-03-01006-CV, 2004 WL 2251570, at *4 (Tex. App.—Houston [1st Dist.] Oct. 7, 2004, no pet.) (mem. op.).

Moreover, during opening statement by appellant's counsel, the trial court interrupted and directly asked, "Does whether or not he's in default depend upon whether or not there's a valid Auto Club contract?" Appellees' counsel answered yes, and after some discussion, appellant's counsel answered yes. Danny testified without objection that he had never agreed to obtain mechanical breakdown insurance though the auto club, and if he had, he did not know what he was doing. Thus, even if the issue of whether the formation of a valid agreement for the auto club ever occurred had not been properly pled, it was tried by consent. *See* Tex. R. Civ. P. 67; *Reed v. Wright*, 155 S.W.3d 666, 670 (Tex. App.—Texarkana 2005, pet. denied). We overrule appellant's first issue.

**New Trial Motion**

In his second issue, appellant contends that the trial court erred by refusing to grant a new trial based on newly discovered evidence. In his motion for new trial, appellant contended that—despite appellees' testimony that they maintained mechanical breakdown insurance on the repossessed vehicle—

4

appellees did not maintain such coverage, nor was it available for their vehicle because it exceeded the mileage and age requirements.

Whether to grant a new trial based on newly discovered evidence is within the discretion of the trial court. *Jackson v. Van Winkle*, 660 S.W.2d 807, 809 (Tex. 1983), *overruled in part on other grounds by Moritz v. Preiss*, 121 S.W.3d 715 (Tex. 2003); *Marvelli v. Alston*, 100 S.W.3d 460, 483 (Tex. App.—Fort Worth 2003, pet. denied). A party seeking a new trial on the ground of newly discovered evidence must show that (1) the evidence has come to light after trial, (2) it was not owing to want of due diligence that the evidence did not come to light sooner, (3) the new evidence is not cumulative, and (4) the evidence is so material that it would likely produce a different result if a new trial were granted. *Marvelli*, 100 S.W.3d at 483. The due diligence requirement has not been met if the same diligence used to obtain the evidence after trial would have had the same result if exercised before trial. *Hutson v. Tri-County Props., LLC*, 240 S.W.3d 484, 491 (Tex. App.—Fort Worth 2007, pet. denied).

The new evidence purportedly shows that appellees had not maintained the mechanical breakdown insurance required to obtain the loan in the first place. Appellant's counsel questioned Danny at trial about whether his 2007 insurance policy provided mechanical breakdown coverage; reading from it, he answered that it did not. Thus, whether appellees had maintained the required coverage was a known issue at trial; appellant had alleged in its second amended answer that appellees were not forced to join the auto club because they willingly chose

5

to obtain mechanical breakdown insurance through the auto club. Moreover, there is no evidence that appellant was entitled to repossess the vehicle if appellees failed to carry the required insurance, only if they failed to make the required loan payments. Accordingly, we conclude and hold that the trial court did not abuse its discretion by denying appellant's motion for new trial based on newly discovered evidence. *See, e.g, Neyland v. Raymond*, 324 S.W.3d 646, 652 (Tex. App.—Fort Worth 2010, no pet.).

We overrule appellant's second issue.

## Conclusion

Having overruled both of appellant's issues, we affirm the trial court's judgment.[2]

                                        TERRIE LIVINGSTON
                                        CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DELIVERED: March 8, 2012

---

[2]Appellees' request for damages under rule 45 is denied. Tex. R. App. P. 45.