02-11-344-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00344-CV

 

 


 
 
 Larry Keith Lake and Larry Keith Lake d/b/a VIP
 Finance Auto
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Danny McMillan and Marcy McMillan
 
 
  
 
 
 APPELLEES 
 
 


 

 

----------

 

FROM THE 348th
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          Appellees
Danny and Marcy McMillan sued appellant Larry Keith Lake–– individually and
doing business as VIP Finance Auto––for breach of contract, unlawful
repossession and conversion, violation of the Fair Debt Collection Practices
Act, violation of the Truth in Lending Act, violation of the Certificate of
Title Act, and fraud.  In their petition, they alleged that Danny had contracted
with VIP Finance Auto for a loan, pledging his vehicle as collateral, and that
appellant had wrongfully repossessed the vehicle.

Appellees
contended in their petition that they had paid more than was due on the loan when
appellant wrongfully repossessed the vehicle.  Their breach of contract claim
stated that VIP breached its agreement with Danny because of the premature
repossession of the vehicle.  They also alleged that “[a]t no time was
Plaintiff in breach, nor was Plaintiff notified that Defendant believed that
Plaintiff was in breach.”

Appellees
specifically alleged that they “were also forced, as a term of this contract,
to enroll in an ‘auto club[,]’ . . . [that] is purportedly an entity separate
from” appellant.  They claimed, under the subtitle, Fair Debt Collection
Practices Act, that appellant had “attempted to collect, as part of his
reasoning for repossession, a past due fee for the ‘auto club.’”  Thus, they
contended that the auto club charges violated the Fair Debt Collection
Practices Act and the Truth in Lending Act.

          After
a bench trial, a visiting judge rendered judgment for appellees in the amount
of $3,000 plus attorney’s fees of $5,100.  In findings of fact, the trial court
determined that appellees had paid the loan through August 15, 2008, but
appellant repossessed the truck on July 10, 2008; that Danny signed only a
proposal for the auto club, that no meeting of the minds occurred, and that
there was no valid contract for the auto club; and that appellant had no right
to repossess the vehicle.  The trial court also concluded that appellees had
performed all duties under the contract for the loan, that Danny had not
contracted with the auto club, that appellant committed an unlawful
repossession and conversion, and that appellees were entitled to the replacement
cost of their vehicle.

Whether
Nonexistence of Auto Club Contract Properly Pled

In
his first issue, appellant contends that the award against him was not in
conformance with appellees’ pleadings.

Texas
follows a fair notice standard for pleading.  Horizon/CMS Healthcare Corp.
v. Auld, 34 S.W.3d 887, 896 (Tex. 2000); Taylor v. Taylor, 337
S.W.3d 398, 401 (Tex. App.––Fort Worth 2011, no pet.) (op. on reh’g); see
Tex. R. Civ. P. 45.  Generally, a pleading provides fair notice of a claim when
an opposing attorney of reasonable competence can examine the pleadings and
ascertain the nature and basic issues of the controversy and the relevant
testimony.  Auld, 34 S.W.3d at 896; Taylor, 337 S.W.3d at 401. 
In the absence of special exceptions, the petition should be construed
liberally in favor of the pleader.  Auld, 34 S.W.3d at 897; Taylor,
337 S.W.3d at 401.

          Appellees’
main contention in their pleadings and at trial was that they were not behind
on their payments––but rather had paid in excess of what they owed––when
appellant repossessed their car.  Appellees’ petition states that the loan
amount was “$2,071.17, with 41 installment payments of $50.00 due” and that
appellant had “attempted to collect, as part of his reasoning for repossession,
a past due fee for the ‘auto club.’”  Appellant contended in his answer that
appellees owed “five weeks ($500.00)” of payments when the car was
repossessed.  Appellees’ pleadings gave fair notice that they were not bound by
the charges in the auto club contract and that appellant was not entitled to
repossess the vehicle by virtue of their not having paid those charges.  See
Leal v. Weightman, No. 01-03-01006-CV, 2004 WL 2251570, at *4 (Tex.
App.––Houston [1st Dist.] Oct. 7, 2004, no pet.) (mem. op.).

Moreover,
during opening statement by appellant’s counsel, the trial court interrupted
and directly asked, “Does whether or not he’s in default depend upon whether or
not there’s a valid Auto Club contract?”  Appellees’ counsel answered yes, and
after some discussion, appellant’s counsel answered yes.  Danny testified without
objection that he had never agreed to obtain mechanical breakdown insurance
though the auto club, and if he had, he did not know what he was doing.  Thus, even
if the issue of whether the formation of a valid agreement for the auto club ever
occurred had not been properly pled, it was tried by consent.  See Tex.
R. Civ. P. 67; Reed v. Wright, 155 S.W.3d 666, 670 (Tex. App.––Texarkana
2005, pet. denied).  We overrule appellant’s first issue.

New
Trial Motion

          In
his second issue, appellant contends that the trial court erred by refusing to
grant a new trial based on newly discovered evidence.  In his motion for new
trial, appellant contended that––despite appellees’ testimony that they
maintained mechanical breakdown insurance on the repossessed vehicle––appellees
did not maintain such coverage, nor was it available for their vehicle because
it exceeded the mileage and age requirements.

          Whether
to grant a new trial based on newly discovered evidence is within the
discretion of the trial court.  Jackson v. Van Winkle, 660 S.W.2d 807,
809 (Tex. 1983), overruled in part on other grounds by Moritz v. Preiss,
121 S.W.3d 715 (Tex. 2003); Marvelli v. Alston, 100 S.W.3d 460, 483
(Tex. App.––Fort Worth 2003, pet. denied).  A party seeking a new trial on the
ground of newly discovered evidence must show that (1) the evidence has come to
light after trial, (2) it was not owing to want of due diligence that the
evidence did not come to light sooner, (3) the new evidence is not cumulative,
and (4) the evidence is so material that it would likely produce a different
result if a new trial were granted.  Marvelli, 100 S.W.3d at 483.   The
due diligence requirement has not been met if the same diligence used to obtain
the evidence after trial would have had the same result if exercised before
trial.  Hutson v. Tri-County Props., LLC, 240 S.W.3d 484, 491 (Tex. App.––Fort
Worth 2007, pet. denied).

          The
new evidence purportedly shows that appellees had not maintained the mechanical
breakdown insurance required to obtain the loan in the first place.  Appellant’s
counsel questioned Danny at trial about whether his 2007 insurance policy
provided mechanical breakdown coverage; reading from it, he answered that it
did not.  Thus, whether appellees had maintained the required coverage was a
known issue at trial; appellant had alleged in its second amended answer that
appellees were not forced to join the auto club because they willingly chose to
obtain mechanical breakdown insurance through the auto club.  Moreover, there
is no evidence that appellant was entitled to repossess the vehicle if
appellees failed to carry the required insurance, only if they failed to make
the required loan payments.  Accordingly, we conclude and hold that the trial
court did not abuse its discretion by denying appellant’s motion for new trial
based on newly discovered evidence.  See, e.g, Neyland v. Raymond, 324
S.W.3d 646, 652 (Tex. App.––Fort Worth 2010, no pet.).

We
overrule appellant’s second issue.

Conclusion

          Having
overruled both of appellant’s issues, we affirm the trial court’s judgment.[2]

 

 

 

TERRIE LIVINGSTON
CHIEF JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GABRIEL, JJ.

 

DELIVERED:  March 8, 2012









[1]See Tex. R. App. P. 47.4.





[2]Appellees’ request for
damages under rule 45 is denied.  Tex. R. App. P. 45.