

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00004-CV

_____

DANNY RAY CLINE, Appellant

V.

GUARANTY BOND BANK, ET AL., Appellees

On Appeal from the 76th District Court
Titus County, Texas
Trial Court No. 36,383

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

## O P I N I O N

Danny Ray Cline appeals the grant of a final take-nothing summary judgment against him as plaintiff and in favor of Guaranty Bond Bank,[1] Kirk Lee, Martin Bell, Art Scharlach, Suzanne Walker, Ty Abston, Cappy Payne, Guaranty BancShares, Inc., Tim Kelly, Carl Smith, Chris Elliott, Joe Buford, Weldon Miller, and Bill Priefert, defendants.[2]

Cline's claim centers around moneys he alleges that he had deposited with the Bank after the 1984 sale of four acres of land. The role of the Bank is not entirely clear, but it appears from Cline's brief that it provided the financing either for Cline to purchase the land or for the borrower to purchase it from Cline.[3] Cline claims that because he maintained an account with the Bank, he instructed Rex Amerson (who was then a vice president of the Bank), to deposit the $5,300.00 proceeds from the sale of the acreage into Cline's personal account. Shortly after the sale of the realty occurred, Cline commenced his incarceration, and he has remained incarcerated since that time. Cline alleges that his account has been inactive since 1984.[4] Cline further alleges that during 2008, an employee of the Bank (whom Cline did not identify) informed Cline that the check had been cashed and deposited. Cline stated that on June 29, 2011, he requested the Bank close his account and was then informed the account no longer existed. Cline filed suit

---

[1]Formerly named Guaranty Bank.

[2]Because of a unity of posture, unless otherwise specified, we will refer collectively to all of the defendants as "the Bank" in the singular.

[3]Cline's brief says, "The promissory lien note was thru Art Scharlach, President of Guaranty Bank as Trustee," but does not identify the maker of this note.

[4]The Bank represented to Cline that any accounts that are dormant for five years are transferred to the Comptroller of the State of Texas. However, the Bank maintains that it has no record that it transferred funds to the Comptroller that had been held in Cline's name.

2

in Johnson County March 9, 2012, and the case was transferred to Titus County June 18, 2012. The Bank filed a combination traditional and no-evidence motion for summary judgment August 20, 2012. This was followed by Cline's request for a sixty-day continuance and by a motion to compel the Bank to produce a copy of the cashier's check which he alleged depleted his account of the money he maintains had been deposited.

The trial court granted Cline a continuance of only thirty days and not the requested sixty days. Thereafter, the trial court granted the Bank's requested summary judgment November 2, 2012.

Cline claims on appeal that the trial court erred in denying Cline's motion to compel production of the check, in denying his motion for continuance, and in granting the Bank's motion for summary judgment.[5]

## 1) The Trial Court Did Not Abuse its Discretion in Denying the Motion to Compel and on its Ruling Concerning the Motion for Continuance

As mentioned above, after the Bank filed its motion for summary judgment, Cline requested a sixty-day continuance. Although the trial court did not acquiesce in that request, it did provide Cline a thirty-day continuance instead. A week later, Cline filed a motion to compel production of the cashier's check (a motion which the trial court denied). On appeal, Cline

---

[5]Although Cline's brief only alleges a single issue (alleged error in the grant of summary judgment), the substance of his brief also complains about the failure to grant the motion to compel production and motion for continuance. The Bank briefly replies to this argument as follows:

> Finally, Plaintiff's complaint about the need for a continuance and further discovery was properly denied where the trial court granted one continuance and properly denied Plaintiff's motion to compel the production of documents since the Defendants did not object to the production of the requested documents and verified in sworn interrogatory responses that no such documents existed.

complains about the denial of that motion to compel and about the ruling on his request for a continuance. Because we have not been directed to the place in the record where Cline requested a second continuance, we presume that Cline is complaining because the trial court gave him a thirty-day instead of the requested sixty-day extension.

We review a trial court's order denying a motion to compel under an abuse of discretion standard. *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 661 (Tex. 2009). "A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Id.* In response to the motion to compel, the Bank argued it does not possess the requested 1984 cashier's check which Cline alleged to have existed. In the Bank's interrogatory responses, the Bank certified that "[n]o responsive documents exist." Mary Ann Munsinger, Senior Vice President of the Bank, states in her affidavit that the Bank "has no record or evidence of any cashier's check issued to Danny Cline that was to be deposited at the bank." We are unwilling to conclude that a trial court can abuse its discretion by refusing to order the Bank to produce a cashier's check that apparently does not exist.

The trial court did not abuse its discretion in granting Cline a thirty-day instead of a sixty-day continuance. We first note that Cline's motion for a continuance was not a sworn motion. Because Cline's motion for continuance was not accompanied by an affidavit, we may not find an abuse of discretion. *See* TEX. R. CIV. P. 251; *Mathew v. McCoy*, 847 S.W.2d 397, 399 (Tex. App.—Houston [14th Dist.] 1993, no writ). Second, the record reflects that while the trial court did not give Cline the full period of time he requested in his motion for continuance, it did provide him with some of the relief he requested. We review the ruling on a motion for

4

continuance for a clear abuse of discretion. *BMC Software Belgium*, *N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002). In *BMC Software*, the Texas Supreme Court refused to find an abuse of discretion concluding that seven months was "ample time to conduct" discovery. *Id*. Similar to BMC Software, the trial court did not grant the Bank's motion for summary judgment until approximately seven months after the lawsuit was filed, and Cline conducted some discovery. Other than the Bank's failure to produce the 1984 cashier's check (which the Bank maintains simply does not exist), Cline does not allege that the time provided for discovery was inadequate. The trial court did not abuse its discretion in granting only a thirty-day extension rather than the requested sixty-day continuance. Cline's complaints are overruled.

**2)     This Lawsuit Involves Claims for Conversion and Negligence**

On appeal, the Bank claims that Cline's sole cause of action is for conversion. Despite the Bank's claim, it appears that Cline's petition is ambiguous concerning the precise nature of the cause of action he filed; the supplement to his original complaint specifically states it "makes no new claims that would require additional pleading." The yardstick we employ in determining the sufficiency of the pleadings is whether the pleadings provide the opponent with fair and adequate notice of the claim being asserted. *Roark v. Allen*, 633 S.W.2d 804, 809–10 (Tex. 1982); *Burke v. Union Pac. Res. Co.*, 138 S.W.3d 46, 66–67 (Tex. App.—Texarkana 2004, pet. denied). "Fair notice" requires that an opposing attorney of reasonable competence can ascertain the nature and basic issues of the controversy. *Marin v. IESI TX Corp.*, 317 S.W.3d 314, 332

(Tex. App.—Houston [1st Dist.] 2010, pet. denied); *Burke*, 138 S.W.3d at 67. Liberally construed, Cline's petition gives fair notice of only a conversion cause of action.[6]

At trial, the Bank treated the petition as alleging both conversion and negligence. In its motion for summary judgment, the Bank stated, "[T]he Plaintiff uses the word 'negligent' so it is possible Plaintiff also asserts a cause of action for negligence." The Bank did not specially except or otherwise object to the failure to provide fair notice of the negligence claim and has waived any pleading defect concerning negligence. *See* TEX. R. CIV. P. 90 (failure to specially except waives any defect of form or substance). We conclude that Cline's claims (both in the trial court and on appeal) include a negligence cause of action.

We note that the facts alleged by Cline could have also supported other causes of action, such as breach of contract or breach of fiduciary duty. Cline's petition, however, fails to give fair notice of any additional causes of action. At trial, the Bank did not recognize the petition as raising any causes of action other than conversion and negligence. "A party is not required to specially except to a pleading defect if it lacks notice of the other party's intent." *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 346 (Tex. 2011); *Taylor v. Taylor*, 337 S.W.3d 398, 401 (Tex. App.—Fort Worth 2011, no pet.) (failure to specially except did not waive challenge to lack of fair notice retroactive child support was being sought). "The live pleadings define the issues in a case." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 219 (Tex.

---

[6]The law is well settled that "[a] party proceeding pro se must comply with all applicable procedural rules" and is held to the same standards as a licensed attorney. *Weaver v. E-Z Mart Stores, Inc.*, 942 S.W.2d 167, 169 (Tex. App.—Texarkana 1997, no pet.). "On appeal, as at trial, the pro se appellant must properly present its case." *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied). We review and evaluate pro se pleadings with liberality and patience, but otherwise apply the same standards applicable to pleadings drafted by lawyers. *Foster v. Williams*, 74 S.W.3d 200, 202 n.1 (Tex. App.—Texarkana 2002, pet. denied).

2001). Thus, the Bank was not required to specially except and any other causes of action Cline might have been able to bring based on the facts alleged have been forfeited.

### 3) The Trial Court Did Not Err in Granting the Bank's Motion for Summary Judgment

The Bank argues that the trial court committed no error in granting the no-evidence summary judgment[7] because there is no evidence that Cline ever had an account with the Bank, that Cline ever deposited any money with the Bank, or that the Bank ever wrongfully exercised dominion and control over Cline's money.

To prevail on a no-evidence motion for summary judgment, the movant must first allege there is no evidence of one or more specified elements of a claim or defense on which the nonmovant would have the burden of proof at trial. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam); *see* TEX. R. CIV. P. 166a(i). If the nonmovant produces less than a scintilla of probative evidence on the specified element, the motion must be granted. *Sudan*, 199 S.W.3d at 292. "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *King Ranch*, *Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).

Both the actions of conversion and of negligence would require proof that the defendant exercised dominion and control over specific property owned by the plaintiff. To establish a claim for conversion of personal property, Cline must prove that:

---

[7]We note that the Bank also requested a traditional summary judgment based on the statute of limitations. Because we conclude the trial court did not err in granting the no-evidence summary judgment, it is not necessary to address whether the statute of limitations bars suit.

(1) [he] owned or had legal possession of the property or entitlement to possession; (2) [the Bank] unlawfully and without authorization assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with, [his] rights as an owner; (3) [he] demanded return of the property; and (4) [the Bank] refused to return the property.

*Smith v. Maximum Racing*, *Inc.*, 136 S.W.3d 337, 341 (Tex. App.—Austin 2004, no pet.). "The elements of negligence are the existence of a duty on the part of one party to another, a breach of that duty, and damages proximately caused by the breach of that duty." *Nw. Mall*, *Inc. v. Lubri-Lon Int'l*, *Inc*., 681 S.W.2d 797, 802 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). If we construe Cline's allegations liberally, they could be said to allege that a duty was created when the Bank assumed the responsibility for the cashier's check and that the Bank breached that duty by either not depositing the check or by later transferring the funds out of the account.

Cline relies upon his personal recitation of the facts in his summary judgment response. The Bank objected "to any statements in [Cline's] response being considered as evidence or testimony, as opposed to argument," and the trial court sustained the Bank's objection. None of Cline's factual statements contained in his response were sworn before an authorized officer and are, therefore, not an affidavit. *Mansions in the Forest*, *L.P. v. Montgomery Cnty.*, 365 S.W.3d 314 (Tex. 2012) (noting a jurat not always required but must be evidence statement was sworn to in front of authorized officer). The trial court correctly held that Cline's statements as contained in his response were not competent summary judgment evidence.

We disagree with the Bank that there is no evidence that Cline had an account at the Bank. The Bank argues the affidavit of John H. Irwin, the owner of Jack's Stereo, which Cline managed for six years, establishes the alleged account was a business account for Jack's Stereo.

8

Looking past the affidavit of Irwin, the affidavit of Debra Cline (Cline's ex-wife), however, could be interpreted as evidence that Cline had a personal account at the Bank in addition to the Jack's Stereo's account. Debra stated that she "carried bank deposits to Guaranty Bank and deposited them into the store account, as well as Danny's personal account." There are genuine issues of material fact concerning whether Cline had an account at the Bank.

Even so, we agree with the Bank's remaining arguments. There is no evidence that Cline ever deposited any money with the Bank,[8] that the Bank promised to deposit the check into Cline's account, or that the Bank ever wrongfully exercised dominion and control over Cline's money. As noted above, Cline's unsworn factual assertions in the response are not competent summary judgment evidence, and none of the summary judgment affidavits attached to Cline's response address these issues. Cline argues that the Bank failed to introduce any evidence disputing his allegations; one should understand that it need not do so under the circumstances of the pleadings. In a no-evidence motion for summary judgment, the Bank does not have any burden to produce evidence concerning issues upon which Cline had the burden of proof. Cline's failure to produce more than a scintilla of evidence concerning these two facts is fatal to both the conversion claim and the negligence claim.

---

[8]In his motion for rehearing in the trial court and in his brief on appeal, Cline argues he has newly discovered evidence consisting of the deed to the four acres which shows that Guaranty Bank issued the promissory note. We note this evidence likely does not qualify as newly discovered, and we also note Cline failed to introduce the deed into the record. Cline has attempted to attach this deed to his reply brief. An appellant cannot introduce documents into the record by attaching them to his appellate brief. We cannot consider documents, that are not part of the record, attached as appendices to briefs. *Paselk v. Rabun*, 293 S.W.3d 600, 613 (Tex. App.—Texarkana 2009, pet. denied); *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 465 n.23 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). Regardless, the deed is not probative evidence of whether any money was deposited to that bank account. The deed, if correctly described by Cline's unsworn descriptions, merely establishes that the sale of four acres occurred, but is less than a scintilla of evidence concerning the disposition of the proceeds of the sale.

To defeat a no-evidence motion for summary judgment, the nonmovant must produce more than a scintilla of evidence on each element challenged in the motion. Cline has failed to provide some evidence of all the elements of both conversion and negligence. The trial court did not err in granting the Bank's no-evidence motion for summary judgment.

**Conclusion**

The trial court committed no error in granting the Bank's no-evidence summary judgment motion. Cline failed to produce any summary judgment evidence that the alleged $5,300.00 cashier's check ever existed or (if it ever existed) that it was ever deposited in his personal account at the Bank. Most importantly, Cline failed to produce any summary judgment evidence that the Bank exercised dominion and control over Cline's money.

For the reasons stated, we affirm.


Bailey C. Moseley
Justice


Date Submitted:    May 20, 2013
Date Decided:      May 24, 2013

10