ACCEPTED
12-14-00134-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
4/9/2015 4:16:09 PM
CATHY LUSK
CLERK


# WARD, SMITH & HILL, PLLC

BRETT F. MILLER
BMILLER@WSFIRM.COM

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
4/9/2015 4:16:09 PM
CATHY S. LUSK
Clerk

April 9, 2015

Cathy S. Lusk, Clerk
Twelfth Court of Appeals
1517 West Front Street, Suite 354
Tyler, Texas 75702

Re:    Case Number:           12-14-00134-CV
       Trial Court Case No.: 2012-1842-A

Style:   American Idol, General, LP d/b/a The REO, and Randy Hanson a/k/a Randall Hanson
         v. Pither Plumbing Co., Inc.

Dear Ms. Lusk:

During today's oral argument, the Justices requested that I send this letter with the following citations and enclose copies of those opinions:

1.   *Thomas v. Long*, 207 S.W.3d 334, 339-340 (Tex. 2006) (implicit ruling case)

2.   *Am. Star Energy & Minerals Corp. v. Stowers*, No. 13-0484, 2015 Tex. LEXIS 161, *5 (Tex. Feb. 27, 2015) (partner liability case)

Please deliver a copy of this letter and the enclosed opinions to each Justice for their review and consideration.  Thank you in advance for your assistance in this matter.

Very respectfully yours,

Brett F. Miller
Brett F. Miller

BFM/tlw

Enclosures

cc:    Mr. Ken Good (*via electronic filing*)

# *Thomas v. Long*

Supreme Court of Texas

February 11, 2004, Argued ; April 21, 2006, Delivered

NO. 03-0204

## Reporter

207 S.W.3d 334; 2006 Tex. LEXIS 280; 49 Tex. Sup. J. 532; 24 I.E.R. Cas. (BNA) 956

TOMMY THOMAS, SHERIFF OF HARRIS COUNTY, PETITIONER, v. JEANNE LONG, RESPONDENT

**Subsequent History:** [**1] As Corrected April 26, 2006.

**Prior History:** ON PETITION FOR REVIEW FROM THE COURT OF APPEALS FOR THE FOURTEENTH DISTRICT OF TEXAS.
*Thomas v. Long, 97 S.W.3d 300, 2003 Tex. App. LEXIS 129 (Tex. App. Houston 14th Dist., 2003)*

## Core Terms

trial court, interlocutory appeal, Commission's, subject matter jurisdiction, exclusive jurisdiction, court of appeals, termination, employees, return to work, Remedies, summary judgment, reinstatement, pet, lack of subject matter jurisdiction, sheriff's department, physical ability, jurisdictional challenge, summary judgment motion, disciplinary action, seniority, benefits, partial, orders, declaratory judgment, administrative body, no loss, regulations, requires, exhaust, rights

## Case Summary

### Procedural Posture

In an interlocutory appeal, petitioner sheriff challenged a judgment of the Court of Appeals for the Fourteenth District of Texas, which dismissed for lack of jurisdiction his appeal of a trial court's denial of his plea to the jurisdiction.

### Overview

The underlying dispute concerned the interpretation of an order issued by the county sheriff's department civil service commission relating to respondent former county employee's appeal of her termination. The court held that although the sheriff's plea was made as part of a summary judgment motion, the court of appeals had jurisdiction to consider the interlocutory appeal. By ruling on the merits of the employee's declaratory judgment claim, the trial court necessarily denied the sheriff's challenge to its jurisdiction. That implicit denial satisfied *Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8)* and gave the court of appeals jurisdiction to consider the sheriff's interlocutory appeal. However, the court dismissed the claims relating to the employee's reinstatement to employment because her failure to exhaust administrative remedies deprived the trial court of subject matter jurisdiction over those claims. Once the employees of a department elected to create a commission, and the commission's rules created rights employees would not have at common law, the commission obtained exclusive jurisdiction over those matters under *Tex. Loc. Gov't Code Ann. §§ 158.032-.033*, .035.

### Outcome

The court reversed the court of appeals' judgment and rendered judgment dismissing for lack of

subject matter jurisdiction the employee's claims relating to her reinstatement.

## LexisNexis® Headnotes

Civil Procedure > ... > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview

Civil Procedure > ... > Summary Judgment > Motions for Summary Judgment > General Overview

Civil Procedure > Appeals > Appellate Jurisdiction > Interlocutory Orders

*HN1* Because there is a conflict among the courts of appeals on whether a governmental unit's challenge to subject matter jurisdiction is appealable if raised in a motion for summary judgment, the state supreme court has jurisdiction over an interlocutory appeal involving the issue. *Tex. Gov't Code Ann. §§ 22.001(a)(2)*, *22.225(c)*.

Civil Procedure > ... > Responses > Defenses, Demurrers & Objections > Motions to Dismiss

Civil Procedure > Appeals > Appellate Jurisdiction > Final Judgment Rule

Civil Procedure > Appeals > Appellate Jurisdiction > Interlocutory Orders

*HN2* Generally, appeals may only be taken from final judgments or orders. *Tex. Civ. Prac. & Rem. Code Ann. § 51.014*. *Section 51.014(a)(8)* provides an exception to this general rule by allowing an appeal from an interlocutory order that grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in *Tex. Civ. Prac. & Rem. Code Ann. § 101.001*.

Civil Procedure > ... > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview

Civil Procedure > ... > Responses > Defenses, Demurrers & Objections > Motions to Dismiss

Civil Procedure > Dismissal > Involuntary Dismissals > Appellate Review

Civil Procedure > Appeals > Appellate Jurisdiction > State Court Review

*HN3* It is proper for a trial court to dismiss claims over which it does not have subject matter jurisdiction but retain claims in the same case over which it has jurisdiction. A trial court is not required to deny an otherwise meritorious plea to the jurisdiction or a motion for summary judgment based on a jurisdictional challenge concerning some claims because the trial court has jurisdiction over other claims. To the extent some courts of appeals have held otherwise, the state supreme court disapproves of those holdings.

Civil Procedure > ... > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview

Civil Procedure > Appeals > Appellate Jurisdiction > Interlocutory Orders

Civil Procedure > Appeals > Appellate Jurisdiction > State Court Review

*HN4* The legislature has provided for an interlocutory appeal when a trial court denies a governmental unit's challenge to subject matter jurisdiction, irrespective of the procedural vehicle used. *Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8)*. To the extent some courts of appeals have held otherwise, the state supreme court disapproves of those holdings.

Civil Procedure > ... > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview

Civil Procedure > ... > Responses > Defenses, Demurrers & Objections > Motions to Dismiss

Civil Procedure > Appeals > Appellate Jurisdiction > Interlocutory Orders

*HN5* To be entitled to an interlocutory appeal, *Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8)* requires the denial of a jurisdictional challenge. The Texas Rules of Appellate Procedure only require that the record show the trial court ruled on the request, objection, or motion, either expressly or implicitly. *Tex. R. App. P. 33.1(a)(2)(A)*. Because a trial court cannot reach the merits of a case without subject matter jurisdiction, a trial court that rules on the merits of

an issue without explicitly rejecting an asserted jurisdictional attack has implicitly denied the jurisdictional challenge.

Administrative Law > Judicial Review > Reviewability > Exhaustion of Remedies

Administrative Law > Judicial Review > Standards of Review > De Novo Standard of Review

Administrative Law > Separation of Powers > Jurisdiction

Administrative Law > Separation of Powers > Legislative Controls > Scope of Delegated Authority

Civil Procedure > ... > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Jurisdiction

*HN6* Whether the Harris County Sheriff's Department Civil Service Commission has exclusive jurisdiction over a dispute is a question of law that the state supreme court reviews de novo. Texas trial courts are courts of general jurisdiction with the power to hear and determine any cause that is cognizable by courts of law or equity and to grant any relief that could be granted by either courts of law or equity. *Tex. Gov't Code Ann. § 24.007-.008*; Tex. Const. art. V, § 8. In contrast, administrative bodies only have the powers conferred on them by clear and express statutory language or implied powers that are reasonably necessary to carry out the legislature's intent. When the legislature grants an administrative body the sole authority to make an initial determination in a dispute, the agency has exclusive jurisdiction over the dispute. If an administrative body has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the decision. Until the party has satisfied this exhaustion requirement, a trial court lacks subject matter jurisdiction and must dismiss those claims without prejudice to refiling.

Administrative Law > Separation of Powers > Jurisdiction

Administrative Law > Separation of Powers > Legislative Controls > Scope of Delegated Authority

*HN7* Determining whether the Harris County Sheriff's Department Civil Service Commission has exclusive jurisdiction requires examination and construction of the relevant statutory scheme. Where there is no express legislative indication of exclusive jurisdiction, the state supreme court looks to the legislative scheme to determine if the legislature intended the Commission to have sole authority to make the initial determination in a dispute.

Governments > Local Governments > Administrative Boards

*HN8* *Tex. Loc. Gov't Code Ann. §§ 158.033* and *158.034* permit the creation of a sheriff's department civil service system and a commission in certain counties.

Governments > Local Governments > Administrative Boards

*HN9* See *Tex. Loc. Gov't Code Ann. § 158.035(a)*.

Administrative Law > Separation of Powers > Legislative Controls > Scope of Delegated Authority

Governments > Local Governments > Administrative Boards

Governments > Local Governments > Employees & Officials

Labor & Employment Law > Employment Relationships > At Will Employment > Public Employees

*HN10* The Harris County Sheriff's Department Civil Service Commission is authorized by statute to regulate employment matters in the sheriff's department. The Harris County Sheriff's Department Civil Service Regulations detail the rules and procedures adopted by the Commission. Harris County, Tex., Sheriff's Dep't Civil Serv. Regs. R. 1.01-19.01. The regulations address employment position classification, employment criteria, disciplinary actions (including layoffs and dismissals) and appeals, grievances, and performance evaluations, among other things.

Harris County, Tex., Sheriff's Dep't Civil Serv. Regs. R. 4.01-.06, 6.01-.02, 12.01-.05, 13.01-.04, 15.01-.08. One of these regulations, Harris County, Tex., Sheriff's Dep't Civil Serv. Regs. R. 12.03(a), states that no employee shall be subject to any disciplinary action including termination except for just cause. The Regulations define ″disciplinary action″ as any action taken against an employee by the Department due to improper conduct by the employee that will result in termination, suspension, demotion, reduction in rank, or refusal to rehire at the end of a contractual period. Harris County, Tex., Sheriff's Dep't Civil Serv. Regs. R. 12.01.

Labor & Employment Law > Employment Relationships > At Will Employment > General Overview

*HN11* Absent an express agreement to the contrary, Texas is an employment-at-will state. Subject to certain exceptions, employment is terminable at any time by either party with or without cause. However, an employer may modify the employment terms of the at-will status of its employees.

Administrative Law > Agency Adjudication > Review of Initial Decisions

Administrative Law > Judicial Review > Standards of Review > Substantial Evidence

Governments > Local Governments > Employees & Officials

Labor & Employment Law > Employment Relationships > At Will Employment > Exceptions

*HN12* The Harris County Sheriff's Department Civil Service Commission's rules implement procedures for disciplinary actions, including termination for just cause. Harris County, Tex., Sheriff's Dep't Civil Serv. Regs. R. 12.03(a). The regulations describe the initial parts of the appellate process: within the prescribed time periods, an employee may appeal a disciplinary action to the sheriff; after that, the employee may appeal the sheriff's decision to the Commission. Harris County, Tex., Sheriff's Dep't Civil Serv. Regs. R. 12.04. *Tex. Loc. Gov't Code Ann. § 158.037* then provides for a substantial evidence review of the Commission's decision by the district court. An employee subject to for-cause termination has a property interest in continued employment sufficient to entitle the employee to judicial review of an administrative decision to terminate employment.

Administrative Law > Agency Adjudication > General Overview

Administrative Law > Separation of Powers > Jurisdiction

Governments > Local Governments > Administrative Boards

Governments > Local Governments > Employees & Officials

Labor & Employment Law > Employment Relationships > At Will Employment > Public Employees

*HN13* Although the statute authorizing the creation of the Harris County Sheriff's Department Civil Service Commission does not contain the words ″exclusive jurisdiction,″ as many statutes granting an administrative body exclusive jurisdiction do, it authorizes the Commission to extend specified rights to employees that are not available at common law. By promulgating Harris County, Tex., Sheriff's Dep't Civil Serv. Regs. R. 12.03(a), as authorized by the Texas Local Government Code, the Commission vested Department employees with for-cause employment status, which they have only because the Commission conferred that right on them. To enforce those rights, employees must follow the procedures enumerated in the Commission's rules as authorized by statute. Once the employees of a department elect to create a commission, and the commission's rules create rights employees would not have at common law, the commission obtains exclusive jurisdiction over those matters. *Tex. Loc. Gov't Code Ann. § 158.032-.033*, .035.

**Counsel:** For PETITIONER: Mr. Michael A. Stafford, Mr. Michael R. Hull, HARRIS COUNTY ATTORNEY, Houston, TX.

For RESPONDENT: Mr. Bruce A. Coana, Mr. Ajay Choudhary, COANA & ASSOCIATES, Houston, TX.

For AMICUS CURIAE:Mr. Kristofer S. Monson, ASSISTANT SOLICITOR GENERAL, Austin, TX.

**Judges:** JUSTICE WAINWRIGHT delivered the opinion of the Court.

**Opinion by:** J. Dale Wainwright

# Opinion

 [*336]  JUSTICE WAINWRIGHT delivered the opinion of the Court.

This is an interlocutory appeal of a trial court's denial of a jurisdictional plea. Although the plea was made as part of a motion for summary judgment, the court of appeals had jurisdiction to consider the interlocutory appeal under *section 51.014(a)(8) of the Texas Civil Practice and Remedies Code*. We conclude that the court erred in determining that it was without jurisdiction to consider the appeal. However, we dismiss the claims relating to the respondent's reinstatement to her employment because her failure to exhaust administrative remedies deprived the trial court of subject matter jurisdiction over those claims. [1]

 [**2] **I. Factual and Procedural Background**

The underlying dispute concerns the interpretation of an order issued by an administrative body. It is not an appeal from the administrative order itself. In a June 1, 2000 letter, the Harris County Sheriff's Department terminated Jeanne Long's employment as a jailer for violations of the Department's employee conduct manual. Long appealed her termination to the Harris County Sheriff's Department Civil Service Commission. Over a year later on September 6, 2001, the Commission determined that Long's termination was not supported by sufficient evidence and ordered the Department to reinstate Long with no loss of seniority or benefits. The Commission denied Long's request for reimbursement of wages. Long did not appeal the Commission's decision. In letters dated September 7, 2001, and November 7, 2001, the Department informed Long that she would be required to complete a physical ability test before returning to work. Long refused to take the test. The Department maintained its position that because Long had been absent from duty for more than twelve months, the Department's employee manual required Long to complete the physical ability test  [**3]  before returning to work. The Commission's order did not mention the test.

On November 13, 2001, Long filed suit in state district court against Harris County Sheriff Tommy Thomas and the Harris County Sheriff's Department [2] seeking a declaration that she was entitled to immediately return to work with no loss of seniority or benefits, without taking any tests, without re-applying for employment, but with back pay dating from the Commission's order. Long sought a writ of mandamus compelling Thomas to comply with the Commission's order, and she sought a temporary restraining order and temporary injunction allowing her to return [*337] to work immediately with no loss of seniority or benefits and without undergoing additional testing. Long's petition also included a retaliation claim under *section 21.055 of the Texas Labor Code*. Thomas asserted a partial plea in bar, contending

---

[1]   The respondent's retaliation claim under section 21.055 of the Texas Labor Code, and claims for attorney's fees and back pay, are not part of this interlocutory appeal and remain pending at the trial court.

[2]   Long later amended her petition nonsuiting all claims against the Department.

Brett Miller

that the trial court "should not exercise jurisdiction over any of Plaintiff's reinstatement claims because exclusive or primary jurisdiction over this matter has been given to the Harris County Sheriff's Department Civil Service Commission." The trial court never explicitly ruled on Thomas's [**4] partial plea in bar.

Long moved for partial summary judgment on the declaratory judgment and mandamus actions. Thomas filed a cross-motion for summary judgment on the same causes of action, arguing that the trial court lacked subject matter jurisdiction over those claims. Arguing in the alternative, Thomas requested the trial court to decline to exercise jurisdiction over the matter because the Commission had primary jurisdiction. Finally, Thomas argued that even if the trial court had jurisdiction, he was entitled to judgment as a matter of law on Long's mandamus and declaratory judgment actions. The trial court entered a partial judgment in favor of Long declaring that "under the Civil Service Commission's September 6, 2001 Order, (1) Plaintiff is entitled to immediately return to work with no loss of seniority or benefits, (2) Plaintiff does not need to perform any tests as a condition to returning to work, and (3) Plaintiff [**5] does not need to apply for re-employment." On the same day, the trial court granted Thomas's motion for partial summary judgment in part and dismissed Long's request for mandamus relief. The court also entered an order identifying Long's claims for retaliation, attorney's fees, and back pay as the only remaining claims before the court. Thomas filed a notice of an interlocutory appeal to challenge the court's "denial of his Plea to the Jurisdiction signed by [the trial court] on March 4, 2002."

Thomas's notice also acknowledged that his "appeal includes all three of the orders signed by the Court on March 4, 2002 since all three orders relate to [Thomas's] dispute as to [the trial court's] jurisdiction." The court of appeals dismissed the appeal for lack of jurisdiction, explaining that "because our record does not contain an order granting or denying a plea to the jurisdiction, and because *section 51.014(a)* does not include an appeal of the denial of a summary judgment based on lack of subject matter jurisdiction, that statute does not explicitly provide that we have jurisdiction over this interlocutory appeal." *97 S.W.3d 300, 302*. Thomas petitioned this Court [**6] for review.

## II. Jurisdiction of this Court

*HN1* We have jurisdiction over this interlocutory appeal because there is a conflict among the courts of appeals on whether a governmental unit's challenge to subject matter jurisdiction is appealable if raised in a motion for summary judgment. *TEX. GOV'T CODE §§ 22.001(a)(2), 22.225(c)*; [3] [*338] *Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 223, 47 Tex. Sup. Ct. J. 386 (Tex. 2004)*; *compare 97 S.W.3d at 302*, *and Brazos Transit Dist. v. Lozano, 72 S.W.3d 442, 445 (Tex. App.-Beaumont 2002, no pet.)* (dismissing interlocutory appeals from denials of motions for summary judgment challenging subject matter jurisdiction for lack of jurisdiction), *with Bexar County v. Gant, 70 S.W.3d 289, 291-92 (Tex. App.-San Antonio 2002, pet. denied)*, *and Sw. Tex. State Univ. v. Enriquez, 971 S.W.2d 684, 685 (Tex. App.-Austin 1998, pet. denied)*, *abrogated on other grounds by Kerrville State Hosp. v. Fernandez, 28 S.W.3d 1, 6, 43 Tex. Sup. Ct. J. 1036 (Tex. 2000)* (assuming jurisdiction

---

[3] The Legislature amended section 22.001 of the Texas Government Code, effective September 1, 2003. Act of June 2, 2003, 78th Leg., R.S., Ch. 204, § 1.04, 2003 Tex. Gen. Laws 847, 849-50 (codified as section 22.001(e) of the Texas Government Code). The amendment, which applies to actions filed on or after September 1, 2003 and therefore does not govern our jurisdiction in this case, provides that "one court holds differently from another when there is inconsistency in their respective decisions that should be clarified to remove unnecessary uncertainty in the law and unfairness to litigants." The Legislature amended section 22.225 to add a similar provision. Act of June 2, 2003, 78th Leg., R.S. Ch. 204, § 1.02, 2003 Tex. Gen. Laws 847, 848-49 (codified as section 22.225(e) of the Texas Government Code).

over interlocutory appeals of jurisdictional challenges raised in motions for summary judgments). **[\*\*7]** We address both issues raised in this petition for review: (1) whether the court of appeals had subject matter jurisdiction to address Thomas's interlocutory appeal and (2) whether the trial court had jurisdiction to issue a declaratory judgment interpreting the Commission's order.

**[\*\*8] III. Jurisdiction of the Court of Appeals**

*HN2* Generally, appeals may only be taken from final judgments or orders. *See TEX. CIV. PRAC. & REM. CODE § 51.014*; *Qwest Commc'ns Corp. v. AT&T Corp., 24 S.W.3d 334, 336, 43 Tex. Sup. Ct. J. 600 (Tex. 2000)*; *Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272, 36 Tex. Sup. Ct. J. 205 (Tex. 1998)*. *Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code* provides an exception to this general rule by allowing an appeal from an interlocutory order that "grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in *Section 101.001*."

Thomas's appeal to the court of appeals challenged the trial court's interlocutory orders denying his motion for partial summary judgment disputing the trial court's subject matter jurisdiction. The court of appeals concluded that it lacked jurisdiction for two reasons. *97 S.W.3d at 302*. First, it concluded there was no final judgment disposing of all issues and parties, observing that one of the trial court's orders explicitly identified pending claims, which include claims for retaliation, attorney's fees, **[\*\*9]** and back pay. *Id.* Second, the court held that because the "record does not contain an order granting or denying a plea to the jurisdiction, and because *section 51.014(a)* does not include an appeal of the denial of summary judgment based on lack of subject matter jurisdiction, that statute does not explicitly provide that [the court of appeals has] jurisdiction over this interlocutory appeal." *Id.*

Relying on *Speer v. Stover*, Long argues that the trial court properly denied Thomas's plea because the Department conceded that the trial court had jurisdiction over at least one claim. *685 S.W.2d 22, 28 Tex. Sup. Ct. J. 235 (Tex. 1985)*. In *Speer*, this Court held that a trial court's order sustaining a misnomered plea in abatement, which challenged the trial court's subject matter jurisdiction, was a final and appealable order. *685 S.W.2d at 23*. Comparing the effect of the two pleas, the Court stated that "sustaining a plea to the jurisdiction requires dismissal; sustaining a plea in abatement requires that the claim be abated until removal of some impediment." *Id.* Long argues this means if the trial court lacks jurisdiction over some claims but not others, it must **[\*\*10]** deny the plea. We disagree. As we recognized in *American Motorists Insurance Company v. Fodge*, *HN3* it is proper for a trial court to dismiss claims over which it does not have subject matter jurisdiction but retain claims in the same case over which it has jurisdiction. *63 S.W.3d 801, 805, 45 Tex. Sup. Ct. J. 122 (Tex. 2001)* (holding that the trial court erred in dismissing all claims but the **[\*339]** court of appeals erred in requiring the reinstatement of all claims); *see also Tex. Highway Dep't v. Jarrell, 418 S.W.2d 486, 488, 10 Tex. Sup. Ct. J. 522 (Tex. 1967)* ("As applied to a pending claim for relief or cause of action, a plea to the jurisdiction, if sustained, would require a dismissal . . . ."). A trial court is not required to deny an otherwise meritorious plea to the jurisdiction or a motion for summary judgment based on a jurisdictional challenge concerning some claims because the trial court has jurisdiction over other claims. *See Fodge, 63 S.W.3d at 805*. To the extent some courts of appeals have held otherwise, we disapprove of those holdings. *See Aledo Indep. Sch. Dist. v. Choctaw Props., L.L.C., 17 S.W.3d 260, 262-63 (Tex. App.-Waco 2000, no pet.)*; *Harris County Flood Control Dist. v. PG & E Tex. Pipeline, L.P., 35 S.W.3d 772, 773* **[\*\*11]** *(Tex. App.-Houston [1st Dist.] 2000, pet. dism'd w.o.j.)*, *disavowed on other grounds by City of Houston v. Northwood Mun. Util. Dist.No. 1, 74 S.W.3d 183 (Tex. App.-Houston [1st Dist.] 2002, no pet.)*; *Life Mgmt. Ctr. for MH/MR Servs. v. Cruz, 2003 Tex.*

*App. LEXIS 10419, No. 08-03-00121-CV, 2003 WL 22923927, at \*3-\*4 (Tex. App.-El Paso Dec. 11, 2003, no pet.)* (mem. op.).

The court of appeals correctly observed that the record does not contain an order explicitly denying a plea to the jurisdiction. Thomas did not file a document titled "plea to the jurisdiction" with the trial court. However, Thomas's summary judgment motion clearly challenged the trial court's subject matter jurisdiction. **HN4** The Legislature provided for an interlocutory appeal when a trial court denies a governmental unit's challenge to subject matter jurisdiction, irrespective of the procedural vehicle used. [4] *TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8)*; *Harris County v. Sykes, 136 S.W.3d 635, 638, 47 Tex. Sup. Ct. J. 618 (Tex. 2004)*; *see also Surgitek, Bristol-Myers Corp. v. Abel, 997 S.W.2d 598, 601, 42 Tex. Sup. Ct. J. 993 (Tex. 1999)*(holding that the availability of interlocutory appeal **[\*\*12]** from a *section 15.003(a)* joinder decision is not "constrained by the form or caption of a pleading" but will be determined by "the substance of a motion to determine the relief sought, not merely its title"). To the extent some courts of appeals have held otherwise, we disapprove of those holdings. *See 97 S.W.2d at 302*; *Lozano, 72 S.W.3d at 445*; *City of Garland v. Rutherford, 1998 Tex. App. LEXIS 6006, No. 05-98-00295-CV, 1998 WL 652318, at \*4 & n.1 (Tex. App.-Dallas Sept. 24, 1998, no pet.)* (not designated for publication).

**HN5** To be entitled to an interlocutory appeal, *section 51.014(a)(8)* requires the denial of a jurisdictional challenge. In this case, none of the trial court's orders on the parties' cross-motions for summary judgment *explicitly* denied the relief sought in the section of Thomas's motion for summary judgment challenging the **[\*\*13]** trial court's subject matter jurisdiction. However, the trial court's rulings on the merits of some claims for which Thomas argued the trial court lacked subject matter jurisdiction constitute an implicit rejection of Thomas's jurisdictional challenges. The Texas Rules of Appellate Procedure only require that the record show the trial court ruled on the request, objection, or motion, either expressly or implicitly. *TEX. R. APP. P. 33.1(a)(2)(A)*. Because a trial court cannot reach the merits of a case without subject matter jurisdiction, *Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443, 36 Tex. Sup. Ct. J. 607 (Tex. 1993)*, a trial court that rules on the merits of an issue without explicitly rejecting an asserted jurisdictional **[\*340]** attack has implicitly denied the jurisdictional challenge. *See*, *e.g.*, *Soberay Mach. & Equip. Co. v. MRF Ltd., 181 F.3d 759, 762 (6th Cir. 1999)*; *Ahuna v. Dep't of Hawaiian Home Lands, 64 Haw. 327, 640 P.2d 1161, 1165 n.9 (Haw. 1982)*. By ruling on the merits of Long's declaratory judgment claim, the trial court necessarily denied Thomas's challenge to the court's jurisdiction. That implicit **[\*\*14]** denial satisfies *section 51.014(a)(8) of the Texas Civil Practice and Remedies Code* and gives the court of appeals jurisdiction to consider Thomas's interlocutory appeal.

## IV. Jurisdiction of the Trial Court-Exhaustion of Remedies

Thomas contends that the trial court lacked subject matter jurisdiction because the Commission had exclusive jurisdiction over Long's reinstatement claims, and Long failed to exhaust her administrative remedies before filing this suit.

**HN6** Whether the Commission has exclusive jurisdiction over this dispute is a question of law that we review de novo. *Subaru of Am. v. David McDavid Nissan, Inc., 84 S.W.3d 212, 222, 45 Tex. Sup. Ct. J. 907 (Tex. 2002)*. Texas district courts are courts of general jurisdiction with the power to "hear and determine any cause that is cognizable by courts of law or equity" and to "grant any relief that could be granted by either courts of law or equity." *TEX. GOV'T CODE §*

---

[4] We refer to "governmental unit" as defined by section 101.001 of the Texas Civil Practice and Remedies Code.

*24.007-.008*; *see also* TEX. CONST. art. V, § 8; *David McDavid Nissan, 84 S.W.3d at 220*; *Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71, 75, 43 Tex. Sup. Ct. J. 412 (Tex. 2000)*. In contrast, administrative [**15] bodies only have the powers conferred on them by clear and express statutory language or implied powers that are reasonably necessary to carry out the Legislature's intent. *David McDavid Nissan, 84 S.W.3d at 220*; *Tex. Workers' Comp. Comm'n v. Patient Advocates of Tex., 136 S.W.3d 643, 652, 47 Tex. Sup. Ct. J. 607 (Tex. 2004)*. When the Legislature grants an administrative body the sole authority to make an initial determination in a dispute, the agency has exclusive jurisdiction over the dispute. *David McDavid Nissan, 84 S.W.3d at 221*. If an administrative body has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the decision. *Id.* Until the party has satisfied this exhaustion requirement, the trial court lacks subject matter jurisdiction and must dismiss those claims without prejudice to refiling. *Id.*

*HN7* Determining whether the Commission has exclusive jurisdiction requires examination and construction of the relevant statutory scheme. *Id.* Here, there is no express legislative indication of exclusive jurisdiction. Thus, we look to the legislative scheme to determine if the Legislature intended [**16] the Commission to have sole authority to make the initial determination in this dispute. *Id. at 223*.

*HN8* *Sections 158.033* and *158.034 of the Texas Local Government Code* permit the creation of a sheriff's department civil service system and a commission in certain counties. Thomas contends that subsection *158.035(a) of the Texas Local Government Code* vests the Commission with exclusive jurisdiction over the dispute in this case. *Section 158.035*, titled "Powers of the Commission," provides in relevant part:

(a) *HN9* The commission shall adopt, publish, and enforce rules regarding:

(1) selection and classification of employees;

(2) competitive examinations;

(3) promotions, seniority, and tenure;

(4) layoffs and dismissals;

(5) disciplinary actions;

(6) grievance procedures;

(7) the rights of employees during an internal investigation; and

[*341] (8) other matters relating to the selection of employees and the procedural and substantive rights, advancement, benefits, and working conditions of employees.

*TEX. LOC. GOV'T CODE § 158.035(a)*. Thus, *HN10* the Commission is authorized [**17] by statute to regulate employment matters in the sheriff's department. The Harris County Sheriff's Department Civil Service Regulations detail the rules and procedures adopted by the Commission. HARRIS COUNTY SHERIFF'S DEP'T CIVIL SERV. REGS. R. 1.01-19.01. The regulations address employment position classification, employment criteria, disciplinary actions (including layoffs and dismissals) and appeals, grievances, and performance evaluations, among other things. *Id.* R. 4.01-.06, 6.01-.02, 12.01-.05, 13.01-.04, 15.01-.08. One of these regulations, Rule 12.03(a), states that "no employee shall be subject to any disciplinary action [including termination] except for just cause." [5]

[**18] *HN11* Absent an express agreement to the contrary, Texas is an employment-at-will state. *City of Odessa v. Barton, 967 S.W.2d 834, 835, 41*

---

[5] The Regulations define "Disciplinary action" as "any action taken against an employee by the Department due to improper conduct by the employee that will result in termination, suspension, demotion, reduction in rank, or refusal to rehire at the end of a contractual period." HARRIS COUNTY SHERIFF'S DEP'T CIVIL SERV. REGS. R. 12.01.

*Tex. Sup. Ct. J. 663 (Tex. 1998)*. Subject to certain exceptions, employment is terminable at any time by either party with or without cause. *Barton, 967 S.W.2d at 835*; *see Fed. Express Corp. v. Dutschmann, 846 S.W.2d 282, 283, 36 Tex. Sup. Ct. J. 530 (Tex. 1993)*; *see also East Line & Red River R.R. Co. v. Scott, 72 Tex. 70, 10 S.W. 99, 102 (1888)*. However, an employer may modify the employment terms of the at-will status of its employees. *Barton, 967 S.W.2d at 835*. In this case, **HN12** the Commission's rules implement procedures for disciplinary actions, including termination for just cause. HARRIS COUNTY SHERIFF'S DEP'T CIVIL SERV. REGS. R. 12.03(a). The regulations describe the initial parts of the appellate process: within the prescribed time periods, an employee may appeal a disciplinary action to the sheriff; after that, the employee may appeal the sheriff's decision to the Commission. *Id.* R. 12.04. *Section 158.037 of the Texas Local Government Code* then provides for a "substantial evidence" **[**19]** review of the Commission's decision by the district court. [6] As we have recognized, an employee subject to for-cause termination has a property interest in continued employment sufficient to entitle the employee to judicial review of an administrative decision to terminate employment. *Barton, 967 S.W.2d at 835-36*.

**HN13** Although the statute authorizing the creation of the Commission does not contain the words "exclusive jurisdiction," as many statutes granting an administrative body exclusive jurisdiction do, it authorizes the Commission to extend specified rights to employees that are not available at common law. By promulgating Rule 12.03(a), as authorized by the Local Government Code, the Commission vested Department employees with for-cause employment status, which they have only because **[**20]** the Commission conferred that right on them. To enforce those rights, employees must follow the procedures enumerated in the Commission's rules as authorized by statute. **[*342]** *See Bullock v. Amoco Prod. Co., 608 S.W.2d 899, 901, 24 Tex. Sup. Ct. J. 15 (Tex. 1980)*. We hold that once the employees of a department elect to create a commission, and the commission's rules create rights employees would not have at common law, the commission obtains exclusive jurisdiction over those matters. *See TEX. LOC. GOV'T CODE § 158.032-.033*, *.035*. We therefore conclude that the Commission had exclusive jurisdiction over the employment dispute in this case. Long exercised her rights under the Commission's scheme when she appealed her termination by the sheriff to the Commission. Her appeal was successful--the Commission overturned Long's termination and ordered that she be allowed to return to work with no loss of seniority or benefits. Nothing in our record indicates whether Thomas or Long raised the physical ability test requirement with the Commission, and the Commission did not address the issue in its order. In a letter dated the day after the Commission's order, the Department **[**21]** notified Long that, according to its interpretation of the order, she would be required to complete a physical ability test upon her return to work after a year-long absence. Long did not return to the Commission to obtain a decision regarding the Department's enforcement of a physical ability test requirement. If she had, and she received an adverse decision, she could have appealed to the district court. Instead, she bypassed the Commission and filed this suit seeking interpretation and enforcement of the Commission's first order. Although Long obtained a decision in her favor regarding reinstatement, the law requires Long to exhaust her administrative remedies by obtaining a Commission decision regarding Thomas's refusal to allow her to return to work without completing a physical ability test. She failed to do so. For these reasons, the trial court did not have subject matter jurisdiction over Long's reinstatement

---

[6] Presumably because Long's appeal to the Commission was successful, she did not pursue judicial review of the order. The constitutionality of the standard of review provided by the Code was not challenged.

Brett Miller

claims.

The fact that Long fashioned this suit as a declaratory judgment action does not change this analysis. The subject matter of her declaratory judgment action--the interpretation of the Commission's order as it applies to completing a physical ability test--is **[**22]** the same subject matter over which the Legislature intended the Commission to exercise exclusive jurisdiction. The trial court was without subject matter jurisdiction to issue a declaratory judgment in this case and erred in denying Thomas's jurisdictional challenge.

## V. Conclusion

For the reasons stated above, we reverse the court of appeals' judgment and render judgment dismissing for lack of subject matter jurisdiction Long's claims relating to her reinstatement.

J. Dale Wainwright

Justice

**OPINION DELIVERED:** April 21, 2006

## *Am. Star Energy & Minerals Corp. v. Stowers*

Supreme Court of Texas

October 14, 2014, Argued; February 27, 2015, Opinion Delivered

NO. 13-0484

**Reporter**

2015 Tex. LEXIS 161; 58 Tex. Sup. J. 401

**Notice:** PUBLICATION STATUS PENDING. CONSULT STATE RULES REGARDING PRECEDENTIAL VALUE.

**Prior History:** [*1] ON PETITION FOR REVIEW FROM THE COURT OF APPEALS FOR THE SEVENTH DISTRICT OF TEXAS. *Am. Star Energy & Minerals Corp. v. Stowers, 405 S.W.3d 905, 2013 Tex. App. LEXIS 5933 (Tex. App. Amarillo, 2013)*

## Core Terms

partnership, partner, limitations period, entity, limitations, accrued, citations, accrual, Oil, cause of action, court of appeals, statute of limitations, trial court, prerequisites, satisfaction, cases, separate suit, obligations, parties

## Case Summary

### Overview

HOLDINGS: [1]-While the judgment creditor could have named the partners in the original suit, doing so would not change the result as the judgment creditor would not have been able to pursue the partners' assets until after judgment was finalized in 2009, *Tex. Bus. Orgs. Code Ann. § 152.306(b)(2)(C)(iii)*; [2]-There was no evidence that the partnership's agreement with the judgment creditor imposed any obligation on the partners or gave the judgment creditor the right to compel anything of the partners; [3]-The suit was to enforce liability created by the Texas Revised Partnership Act, not the agreement, but it was still based on the judgment creditor's underlying contract claim, consistent with *§ 152.306(b)(2)*; [4]-The partners had the same opportunity to contest their liability as they would have had were they sued within the underlying limitations period.

### Outcome

Judgment reversed.

## LexisNexis® Headnotes

Business & Corporate Law > ... > Management Duties & Liabilities > Rights of Partners > Authority to Act

Business & Corporate Law > ... > Management Duties & Liabilities > Rights of Partners > Partnership Property

*HN1* A Texas partnership is an entity distinct from its partners, *Tex. Bus. Orgs. Code Ann. § 152.056*. Though that has not always been clear, the Legislature unequivocally embraced he entity theory of partnership when it enacted the Texas Revised Partnership Act (TRPA), since codified in the Texas Business Organizations Code. As an independent entity, a partnership may enter into contracts in its own name, may own its own property, and may sue and be sued in its own name, *Tex. Bus. Orgs. Code Ann. § 152.101*; *Tex. R. Civ. P. 28*.

Business & Corporate Law > ... > Management Duties & Liabilities > Causes of Action > Partnership Liabilities

*HN2* Under the Texas Revised Partnership Act (TRPA), a partner remains jointly and severally liable for all obligations of the partnership, *Tex. Bus. Orgs. Code Ann. § 152.304(a)*. This personal liability, undoubtedly an aggregate-theory feature, is a defining characteristic of the partnership form and distinguishes it from other entity types. Through its scheme for enforcing that liability, however, the TRPA imposes even on this aggregate feature an entity aspect. A judgment against a partnership is not by itself a judgment against a partner, so a creditor must obtain a judgment against the partner individually, *Tex. Bus. Orgs. Code Ann. § 152.306(a)*. A creditor may attempt to do so in the suit against the partnership or in a separate suit, *Tex. Bus. Orgs. Code Ann. § 152.305*. It may not, however, seek satisfaction of the judgment against a partner until a judgment is rendered against the partnership, *§ 152.306(b)(2)(A)*.

Business & Corporate Law > ... > Management Duties & Liabilities > Causes of Action > Partnership Liabilities

*HN3* The Texas Revised Partnership Act (TRPA) generally requires time to collect the debt from the partnership first: the judgment against the partnership must go unsatisfied for ninety days before a creditor may proceed against a partner and his assets, *Tex. Bus. Orgs. Code Ann. § 152.306(b)(2)(C)*. The enforcement of a partner's liability is considered the most confusing aspect of partnership law. Still, the passage of time, in conjunction with the plain language of the TRPA's text, forecloses any argument that the Legislature rejected any aspect of the entity theory.

Governments > Legislation > Statute of Limitations > Time Limitations

*HN4* Generally a cause of action accrues when facts come into existence that authorize a claimant to seek a judicial remedy, when a wrongful act causes some legal injury, or whenever one person may sue another. The resulting limitations period functions to compel the exercise of a right of action within a reasonable time. However, when the Legislature employs the term ″accrues″ without an accompanying definition, the courts must determine when that cause of action accrues and thus when the statute of limitations commences to run. To determine accrual in any particular case is to establish a general rule of law for a class of cases.

Governments > Legislation > Statute of Limitations > Time Limitations

Business & Corporate Law > ... > Management Duties & Liabilities > Causes of Action > Partnership Liabilities

Business & Corporate Law > ... > Management Duties & Liabilities > Causes of Action > Derivative Actions

*HN5* The appellate court is left to establish a rule of accrual for partner-liability suits, which must be founded on reason and justice. Reason requires the appellate court to consider the Texas Revised Partnership Act's overall scheme and the legislative intent expressed therein. Justice requires the appellate court to examine the rule's policy implications and equity of its consequences. In light of a partnership's status as a separate entity and the statutory prerequisites to proceeding against a partner, the cause of action against a partner does not accrue until a creditor can proceed against a partner's assets—that is, generally at the expiration of the ninety-day satisfaction period.

Business & Corporate Law > ... > Management Duties & Liabilities > Causes of Action > Partnership Liabilities

Business & Corporate Law > ... > Management Duties & Liabilities > Rights of Partners > Partnership Property

*HN6* As a result of the partnership's statutorily confirmed status as a separate entity, a partnership's acts are only its own, not a partner's. Individual partners do not own partnership income

and profits while they remain in the partnership's hands and have not been distributed to the partners.

Business & Corporate Law > ... > Management Duties & Liabilities > Causes of Action > Partnership Liabilities

**HN7** The statutory prerequisites to enforcement make a partner's liability not only derivative of the partnership's liability, but contingent on it for all practical purposes. If a partnership obligates itself to pay a sum or perform a service under a contract, the individual partners, though liable for the obligation under the Texas Revised Partnership Act, cannot immediately be called on to pay or perform in lieu of the partnership. In either case, the claim must be litigated against the partnership so that its obligation is determined, reduced to damages, and fixed in a judgment, *Tex. Bus. Orgs. Code § 152.306(b)(2)(A)*. Second, the plaintiff-creditor must have ninety days' opportunity to satisfy that judgment from the partnership's assets, *§ 152.306(b)(2)(C)*.

Business & Corporate Law > ... > Management Duties & Liabilities > Causes of Action > Partnership Liabilities

**HN8** Considering the derivative and contingent nature of that liability, the only obligation for which a partner is really responsible is to make good on the judgment against the partnership, and generally only after the partnership fails to do so. The significance of joint and several liability in the partnership context is that once that the prerequisites are met, a creditor can seek the whole debt from one party and is not required to join all the partners, obtain judgments against them, or apportion liability among them. This scheme defers a partner's liability, and as a result a creditor cannot seek a judicial remedy from a partner until these prerequisites are met. Because a creditor's rights against a partner do not arise when the partnership incurs an obligation, the appellate court defines accrual as occurring when those rights arise.

Business & Corporate Law > ... > Management Duties & Liabilities > Causes of Action > Partnership Liabilities

**HN9** The Texas Revised Partnership Act allows a partner to be sued in the action against the partnership or in a separate action, and the appellate court's definition of accrual in an action against the partner is consistent with that permissive rule, *Tex. Bus. Orgs. Code Ann. § 152.305*. Especially considering its enforcement scheme, this rule suggests the Legislature considers the collection action to be separate from the underlying litigation. The only practical reason to sue a partner separately is to be able to sue him later—a concurrent separate suit would presumably be consolidated or sit pending disposition of the case against the partnership. The most likely time, if not the only logical time, a plaintiff would do so is when the partnership fails to satisfy the judgment. In allowing separate suits, the Legislature must have contemplated that at least some subsequent actions against partners would be brought outside of the original limitations period.

Business & Corporate Law > ... > Management Duties & Liabilities > Causes of Action > General Overview

Governments > Legislation > Statute of Limitations > Time Limitations

**HN10** Limitations exist to compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend while witnesses are available. In the partnership context, these concerns are addressed by the limitations period applying to the underlying cause of action against a partnership.

Business & Corporate Law > ... > Management Duties & Liabilities > Causes of Action > Partnership Liabilities

**HN11** A judgment against a partnership is not by itself a judgment against a partner.

Business & Corporate Law > General Partnerships > Formation > Partnership Agreements

*HN12* The partnership form has built-in mechanisms to provide further notice of any impending liability. First, each partner has a right to manage and conduct partnership business, *Tex. Bus. Orgs. Code Ann. § 152.203(a)*. When a partnership is sued, the litigation presumably becomes part of that business. Second, each partner owes to the others a duty of care, *Tex. Bus. Orgs. Code Ann. § 152.204(a)(2)*. When a partnership is served with a lawsuit, that duty may require the partner served to apprise the other partners. Third, partners can agree to provide notice of pending litigation to one another in their partnership agreement, *Tex. Bus. Orgs. Code Ann. § 152.002*.

Business & Corporate Law > ... > Management Duties & Liabilities > Causes of Action > Partnership Liabilities

*HN13* A party doing business with a partnership does so knowing that if the partnership fails on its obligations, relief is not wholly subject to the adequacy of the partnership assets. Conversely, individuals who choose the partnership form as the vehicle for their enterprise do so knowing that their personal assets are on the line. Equity demands the court leave these expectations undisturbed where a plaintiff proceeds as the law allows.

**Judges:** JUSTICE BROWN delivered the opinion of the Court.

**Opinion by:** Jeffrey V. Brown

## Opinion

In this case we must decide whether Texas partnership law requires a plaintiff seeking to enforce a partner's liability for a partnership debt to sue the partner within the limitations period on the underlying claim against the partnership. Here,

a judgment creditor attempted to collect from a partnership after litigating a contract claim for over a decade and a half, only to find the partnership insolvent. When the creditor sought a judgment against the individual partners, the trial court ruled the limitations period began when the underlying cause of action accrued. Because that period had passed, limitations precluded pursuit of the partners' assets. The court of appeals affirmed. We hold today that the limitations period against a partner generally does not commence until after final judgment against the partnership is entered. Because this action was brought within that period, we reverse the court of appeals' judgment.

**I**

In 1980, the four petitioners (together, the Partners) formed S & J Investments, a Texas general partnership, to **[*2]** invest in and manage certain oil and gas properties. S & J and American Star Energy and Minerals Corporation were parties to an agreement that governed operation of those properties. In the early 1990s, American Star sued S & J for breach of that agreement and eventually prevailed on its claims. S & J appealed that judgment, and a court of appeals reversed it in part and remanded the case to the trial court. *See S & J Invs. v. Am. Star Energy & Minerals Corp., No. 07-99-0090-CV, 2001 Tex. App. LEXIS 7730, 2001 WL 1380027, at *6 (Tex. App.—Amarillo Nov. 7, 2001, pet. denied)* (not designated for publication). In 2007, the trial court awarded American Star a second judgment, and S & J again appealed. The court of appeals affirmed that judgment, and we denied review of its decision. *See S & J Invs. v. Am. Star Energy & Minerals Corp., No. 07-07-0357-CV, 2008 Tex. App. LEXIS 5078, 2008 WL 2669665, at *5 (Tex. App—Amarillo July 8, 2008, pet. denied)* (mem. op.).

S & J owes American Star $227,884.46 under the judgment. But S & J proved to be undercapitalized,

and its assets cannot satisfy the judgment debt. In June 2010, American Star brought this action seeking a judgment against the Partners individually. In response, the Partners argued the action was barred by the four-year statute of limitations that applies to the underlying breach-of-contract claim. Both sides moved for summary judgment. The trial court granted the [*3] Partners' motion and ordered that American Star take nothing. A divided court of appeals affirmed, holding the limitations period began when the underlying breach-of-contract claim against the partnership accrued, barring this suit. *405 S.W.3d 905, 906-07 (Tex. App.—Amarillo 2013)*. American Star sought this review.

## II

*HN1* A Texas partnership is "an entity distinct from its partners." *TEX. BUS. ORGS. CODE § 152.056*. Though that has not always been clear, the Legislature "'unequivocally embrace[d] the entity theory of partnership'" when it enacted the Texas Revised Partnership Act (TRPA), since codified in the *Texas Business Organizations Code.[1] In re Allcat Claims Serv., L.P., 356 S.W.3d 455, 464 (Tex. 2011)* (quoting *TEX. REV. CIV. STAT. ANN. art. 6132b-2.01* cmt. (Vernon Supp. 2010) (Comment of Bar Committee—1993)) (alteration in original). As an independent entity, a partnership may enter into contracts in its own name, may own its own property, and may sue and be sued in its own name. *See TEX. BUS. ORGS. CODE § 152.101*; *TEX. R. CIV. P. 28*.

Nonetheless,*HN2* under the TRPA, a partner remains "jointly and severally liable for all obligations [*4] of the partnership." *TEX. BUS. ORGS. CODE § 152.304(a)*. This personal liability, undoubtedly an aggregate-theory feature, is a defining characteristic of the partnership form and distinguishes it from other entity types. *Cf. id. § 152.801(a)* ("[A] partner is not personally liable . . . for any obligation of the partnership incurred while the partnership is a limited liability partnership."); *id. § 101.114* ("[A] member or manager is not liable for a debt, obligation, or liability of a limited liability company . . . ."); *Willis v. Donnelly, 199 S.W.3d 262, 271 (Tex. 2006)* ("A bedrock principle of corporate law is that an individual can incorporate a business and thereby normally shield himself from personal liability for the corporation's contractual obligations.") (collecting cases); *see also* 1 ALAN R. BROMBERG & LARRY E. RIBSTEIN, BROMBERG AND RIBSTEIN ON PARTNERSHIP § 1.03(c)(4) (2012) ("The personal liability of partners is perhaps the most important aggregate feature of partnership . . . .").

Through its scheme for enforcing that liability, however, the TRPA imposes even on this aggregate feature an entity aspect. *See TEX. REV. CIV. STAT. ANN. art. 6132b-3.05* cmt. (Vernon Supp. 2010) (Comment of Bar Committee—1993) (stating the TRPA's enforcement provisions "are consistent with the emphasis [*5] on the partnership as an entity"). "A judgment against a partnership is not by itself a judgment against a partner," so a creditor must obtain a judgment against the partner individually. *TEX. BUS. ORGS. CODE § 152.306(a)*. A creditor may attempt to do so in the suit against the partnership or in a separate suit. *Id. § 152.305*. It may not, however, seek satisfaction of the judgment against a partner until a judgment is rendered against the partnership. *Id. § 152.306(b)(2)(A)*. On top of that,*HN3* the TRPA generally requires time to collect the debt from the partnership first: the judgment against the partnership must go unsatisfied for ninety days before a creditor may proceed against a partner and his assets.[2] *Id. § 152.306(b)(2)(C)*. The enforcement of a partner's liability is considered

---

[1] The parties disagree whether the TRPA or the recodified version applies to this case. There is no substantive difference in the provisions we apply today. Though we refer to the law applied as TRPA, we cite to the codified version for practicality's sake.

[2] The TRPA allows a creditor to forego this satisfaction period if (1) the partnership is in bankruptcy, (2) the parties have agreed to waive the period, (3) a [*6] court orders so after finding that the partnership assets are clearly insufficient or that the satisfaction period

the most confusing aspect of partnership law. *See* Robert A. Ragazzo & Frances S. Fendler, Closely Held Business Organizations 193 (2d ed. 2012) (quoting 2 Bromberg & Ribstein, *supra*, § 5.08(a)). Still, "[t]he passage of time, in conjunction with the plain language of the TRPA's text, forecloses any argument that the Legislature rejected any aspect of the entity theory." *Allcat, 356 S.W.3d at 467*.

## III

Despite the Legislature's efforts to define the relationship between a partner and the partnership and to control the circumstances under which a partner's liability may be enforced, it did not expressly dictate when a suit against a partner must be brought. The Partners argue that because American Star could have sued them in its original suit against S & J, this cause of action accrued and limitations on this suit began to run at the same time as on the suit against S & J—at the breach of the underlying agreement. American Star, on the other hand, insists the Partners owed no obligation until the judgment against S & J became final in 2009, and the limitations period began then. The parties agree that a four-year limitations period applies to this action. They further acknowledge this action was brought more than four years after the underlying cause of action accrued but within four years of the judgment **[*7]** against S & J.

**HN4** Generally a cause of action accrues "when facts come into existence [that] authorize a claimant to seek a judicial remedy," "when a wrongful act causes some legal injury," or "whenever one person may sue another." *Exxon Corp. v. Emerald Oil & Gas Co., 348 S.W.3d 194, 202 (Tex. 2011)* (citations omitted); *S.V. v. R.V., 933 S.W.2d 1, 4 (Tex. 1996)* (citations omitted); *Luling Oil & Gas Co. v. Humble Oil & Ref. Co., 144 Tex. 475, 191 S.W.2d 716, 721 (Tex. 1945)* (citation omitted). The resulting limitations period

functions "to compel the exercise of a right of action within a reasonable time." *Moreno v. Sterling Drug, Inc., 787 S.W.2d 348, 351 (Tex. 1990)* (citation omitted). However, "[w]hen the [L]egislature employs the term 'accrues' without an accompanying definition, the courts must determine when that cause of action accrues and thus when the statute of limitations commences to run." *Id. at 351-52, 354* (refusing to apply the discovery rule to a wrongful-death action, but noting that it would have applied had the applicable statute of limitations not specifically fixed the point of accrual). "'[T]o determine [accrual] in any particular case is to establish a general rule of law for a class of cases . . . .'" *Id. at 351* (quoting *Fernandi v. Strully, 35 N.J. 434, 173 A.2d 277, 285 (N.J. 1961))* (other citations omitted).

The statutes of limitations applicable here use the term "accrues" but do not specify when accrual occurs. *Compare Tex. Civ. Prac. & Rem. Code § 16.004(a)(3)* (providing limitations period for a debt cause of action), *and id. § 16.051* (providing residual **[*8]** limitations period), *with id. § 16.003(b)* ("The cause of action [for wrongful death] accrues on the death of the injured person."). **HN5** We are thus left to establish a rule of accrual for partner-liability suits, which "'must be founded on reason and justice.'" *Moreno, 787 S.W.2d at 351* (quoting *Fernandi, 173 A.2d at 285*) (other citations omitted). Reason requires us to consider the TRPA's overall scheme and the legislative intent expressed therein. *See Tex. Dep't of Transp. v. City of Sunset Valley, 146 S.W.3d 637, 642 (Tex. 2004)* (stating "[w]e must read the statute as a whole" and "consider the objective the law seeks to obtain" (citations omitted)). Justice requires us to examine the rule's policy implications and equity of its consequences. In light of a partnership's status as a separate entity and the statutory prerequisites to proceeding against a partner, we hold that the cause of action against a

is excessively burdensome, or (4) the partner's liability arises independently of his status as a partner. Tex. Bus. Orgs. Code § 152.306(c). None of those exceptions apply here.

partner does not accrue until a creditor can proceed against a partner's assets—that is, generally at the expiration of the ninety-day satisfaction period.[3]

**A**

*HN6* As a result of the partnership's statutorily confirmed status as a separate entity, a partnership's acts are only its own, not a partner's. **[*9]** *Cf. Allcat, 356 S.W.3d at 468* ("Individual partners do not own [partnership income and profits] while they remain in the partnership's hands and have not been distributed to the partners." (citations omitted)). Here, it was S & J that was party to and breached the agreement with American Star. The Partners, separate entities by statute, were not in privity with American Star, and they committed no wrongful act and caused no legal injury. *See S.V., 933 S.W.2d at 4*. Surely, the Partners are liable for S & J's breach, but only by operation of the statute. An effect of the entity theory is that a partner's liability is wholly derivative of the partnership's liability.

*HN7* The statutory prerequisites to enforcement make a partner's liability not only derivative of the partnership's liability, but contingent on it for all practical purposes. If a partnership obligates itself to pay a sum or perform a service under a contract, the individual partners, though liable for the obligation under the TRPA, cannot immediately be called on to pay or perform in lieu of the partnership. In either case, the claim must be litigated against the partnership so that its obligation is determined, reduced to damages, and fixed in a judgment. *See TEX. BUS. [*10] ORGS. CODE § 152.306(b)(2)(A)*. Second, the plaintiff-creditor must have ninety days' opportunity to satisfy that judgment from the partnership's assets. *Id. § 152.306(b)(2)(C)*.

*HN8* Considering the derivative and contingent nature of that liability, the only obligation for which a partner is really responsible is to make good on the judgment against the partnership, and generally only after the partnership fails to do so. *See* 1 BROMBERG & RIBSTEIN, *supra*, § 1.03(c)(4) ("Under [the entity theory], the partners are essentially guarantors of an independent partnership debt rather than being directly responsible."); *cf.* UNIF. P'SHIP ACT § 307 cmt. 4 (1997) ("[The Revised Uniform Partnership Act's exhaustion requirement] respects the concept of a partnership as an entity and makes partners more in the nature of guarantors than principal debtors on every partnership debt."). The significance of joint and several liability in the partnership context is that once that the prerequisites are met, a creditor can seek the whole debt from one party and is not required to join all the partners, obtain judgments against them, or apportion liability among them. *Cf.* 2 BROMBERG & RIBSTEIN, *supra*, § 5.08(g) (stating the exhaustion requirement defeats the joint-and-several characterization). This scheme defers a partner's **[*11]** liability, and as a result a creditor cannot seek a judicial remedy from a partner until these prerequisites are met. *See Exxon Corp., 348 S.W.3d at 202*. Because a creditor's rights against a partner do not arise when the partnership incurs an obligation, we define accrual as occurring when those rights arise. *See S.V., 933 S.W.2d at 3* ("[Limitations] quicken diligence by making [a claim] in some measure equivalent to a right . . . ." (quoting *Gautier v. Franklin, 1 Tex. 732, 739 (1847))* (internal quotation marks omitted)).

*HN9* The TRPA allows a partner to be sued in the action against the partnership or in a separate action, and our definition of accrual in an action against the partner is consistent with that permissive rule. *See TEX. BUS. ORGS. CODE § 152.305*. Especially considering its enforcement scheme, this rule suggests the Legislature considers the collection action to be separate from the underlying litigation. The only practical reason to sue a partner separately is to be able to sue him

---

[3] Because the satisfaction period applies here, we do not address accrual when a creditor may proceed directly against a partner under Texas Business Organizations Code section 152.306(c).

later—a concurrent separate suit would presumably be consolidated or sit pending disposition of the case against the partnership. The most likely time, if not the only logical time, a plaintiff would do so is when the partnership fails to satisfy the judgment. Though the time required here to obtain [*12] the judgment against S & J is probably extraordinary, this case illustrates that litigation of such claims can continue well beyond the applicable limitation periods. In allowing separate suits, the Legislature must have contemplated that at least some subsequent actions against partners would be brought outside of the original limitations period. *See* UNIF. P'SHIP ACT § 307 cmt. 2 (1997) ("[Allowing separate suit of partners] will simplify and reduce the cost of litigation, especially in cases of small claims where there are known to be significant partnership assets and thus no necessity to collect judgment out of the partners' assets."). While American Star could have named the Partners in the original suit, doing so would not change the result here: American Star would not have been able to pursue the Partners' assets until after the judgment was finalized in 2009. *See TEX. BUS. ORGS. CODE § 152.306(b)(2)(C)(ii)* (providing the satisfaction period as to a contested partnership judgment begins only once a stay on execution expires).

Despite this specific statutory context, the Partners and the court of appeals would apply to this suit the general rule of accrual as stated in *Luling Oil & Gas*: "[W]henever one person may [*13] sue another[,] a cause of action has accrued." *191 S.W.2d at 721* (citation omitted). That rule is not, however, universal. For example, a cause of action for indemnity does not accrue "until the indemnitee's liability to the party seeking damages becomes fixed and certain," generally by a judgment. *Ingersoll-Rand Co. v. Valero Energy Corp., 997 S.W.2d 203, 208 (Tex. 1999)* (citations omitted). Still, "an indemnitee may bring a claim against an indemnitor before the judgment is assigned against the indemnitee"—before the cause of action accrues and before limitations

begin to run. *Id. at 209* (citing *Getty Oil Co. v. Ins. Co. of N. Am., 845 S.W.2d 794, 799 (Tex. 1992))*; *City of San Antonio v. Talerico, 98 Tex. 151, 81 S.W. 518, 520 (Tex. 1904)* ("It is permitted by our law to bring into the suit against it the party whom it seeks to hold liable as an indemnitor, . . . but this does not make the limitation applicable to the cause of action of the plaintiff control its action over against the indemnitor."). This rule is based on our interest in judicial economy. *See Getty Oil, 845 S.W.2d at 799* ("Forcing the indemnity suit to wait for judgment in the liability suit 'would contravene the policy of the courts to encourage settlements and to minimize litigation.'" (quoting *K & S Oil Well Serv., Inc. v. Cabot Corp., 491 S.W.2d 733, 739 (Tex. Civ. App.—Corpus Christi 1973, writ ref'd n.r.e.)))*.

Similarly, *Luling Oil & Gas*'s rule does not readily apply to the partnership-liability context. In that case, we addressed a garden-variety contract action between a seller and buyer of [*14] oil and gas interests. *See 191 S.W.2d at 718-19, 721-22* (noting the contract "fixed the rights and obligations of the parties" and gave the seller "the right to compel" the relief sought). "*In this situation*," we held, "the statute of limitation begins to run at the time when a suit could be commenced upon the claim asserted." *Id. at 722* (emphasis added) (citation omitted). Here, there is no evidence that S & J's agreement with American Star imposed any obligation on the Partners or gave American Star the right to compel anything of the Partners. Further, the TRPA's scheme mirrors aspects of our indemnity jurisprudence and serves as a legislative basis for excepting suits against partners from the general accrual rule.

The Partners and the court of appeals also rely on the TRPA's requirement that the judgment against a partner must be "based on the same claim" as the judgment against the partnership to argue this suit is really a suit on the underlying contract obligation. *See TEX. BUS. ORGS. CODE § 152.306(b)(2)*. If the judgment created an

independent cause of action, the Partners argue, American Star could not satisfy this statutory prerequisite. We are not persuaded. This suit is to enforce liability created by the TRPA, not the agreement, **[*15]** but it is still based on American Star's underlying contract claim, consistent with the statute.

Federal courts applying the TRPA have reached the same conclusion we reach today. *See Evanston Ins. Co. v. Dillard Dep't Stores, Inc., 602 F.3d 610, 617 (5th Cir. 2010)* (holding a cause of action to recover against partners of law firm successfully sued for trademark infringement accrued on entry of judgment against the firm, at the earliest); *In re Jones, 161 B.R. 180, 183 (Bankr. N.D. Tex. 1993)* ("Under the entity theory of partnerships, it is logical that a partner has no liability until the partnership liability is established."). The Partners cite lower-court precedent to argue that the federal-court decisions are contrary to Texas law, which they insist has always required partners to be individually named and served within the limitations period running from the underlying claim.[4] Those cases, however, were decided under the Texas Uniform Partnership Act (TUPA), the TRPA's predecessor, and contain no meaningful discussion of relevant statutory partnership law. The TUPA did not expressly follow the entity theory and did not impose the prerequisites to proceeding against a partner. *See Allcat, 356 S.W.3d at 463-64* (stating that though the TUPA "'lean[ed] heavily toward the entity idea,'" the TRPA was passed "'to allay previous concerns that stemmed from **[*16]** confusion as to whether a partnership was an entity or an aggregate of its members'"" (citations omitted) (alteration in original)); *Kao Holdings, L.P. v. Young, 261 S.W.3d 60, 63 (Tex. 2008)* (stating the TUPA

contained no provision similar to the TRPA's liability-enforcement provision). The Partners unconvincingly argue the Legislature confirmed the rule applied in these cases when it codified the TRPA into the Business Organizations Code without overruling those decisions. On the contrary, the TRPA's passage eliminates any instructive or persuasive value those decisions may have once had. We therefore decline to rely on them.

**B**

Our holding does not disturb the policy purposes behind limitations. *HN10* They exist "to compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity **[*17]** to defend while witnesses are available." *Moreno, 787 S.W.2d at 351* (citation omitted). In the partnership context, these concerns are addressed by the limitations period applying to the underlying cause of action against a partnership. Here, by suing S & J within the statute of limitations on the claim, American Star *did* exercise its contract right of action within a reasonable time. This action to collect the judgment debt from the Partners does not require relitigation of that claim. At issue is only whether the judgment exists and whether the Partners were in fact partners at the time of injury alleged. Applied here, the limitations period running from the underlying claim "would fail to serve the underlying purpose of limitations and instead would be a purely formal exercise." *See Matthews Constr. Co. v. Rosen, 796 S.W.2d 692, 694 (Tex. 1990)* (citation omitted).

The Partners argue that this suit imposes "automatic" liability and undermines their dueprocess rights. They point to *Kao Holdings*, in

---

4   *See Mathew v. McCoy, 847 S.W.2d 397, 400 (Tex. App.—Houston [14th Dist.] 1993, no writ)* (holding no judgment could be taken against partners who were not added and served within the limitations period running from the underlying claim); *Partee v. Phelps, 840 S.W.2d 512, 514-15 (Tex. App.—Dallas 1992, no writ)* (holding res judicata barred suit against partners); *Cothrum Drilling Co. v. Partee, 790 S.W.2d 796, 800 (Tex. App.—Eastland 1990, writ denied)* (holding statute governing service on partnership "does not authorize a judgment against the partners who were not served before the claims against them were barred by the statute of limitations" (citations omitted)).

which we said partners "should be both named and served so that they are on notice of their potential liability and will have an opportunity to contest" that liability. *261 S.W.3d at 64*. There, we overturned a judgment against a partner who had not been named or served at all, either in the **[*18]** original suit against the partnership or in a separate suit. *Id. at 65*. In doing so, we simply applied the TRPA's rule that **HN11** a judgment against a partnership is not by itself a judgment against a partner. *Id. at 63-64*. The Partners' liability is not automatic—this action naming them personally is required to establish it. They have the same opportunity to contest their liability as they would have had were they sued within the underlying limitations period.

More generally, the Partners were on notice of their potential liability when they agreed to form and do business as a partnership. **HN12** The partnership form has built-in mechanisms to provide further notice of any impending liability. First, each partner has a right to manage and conduct partnership business. *Tex. Bus. Orgs. Code § 152.203(a)*. When a partnership is sued, the litigation presumably becomes part of that business. Second, each partner owes to the others a duty of care. *Id. § 152.204(a)(2)*. When a partnership is served with a lawsuit, that duty may require the partner served to apprise the other partners. *See Zinda v. McCann St., Ltd., 178 S.W.3d 883, 890 (Tex. App.—Texarkana 2005, pet. denied)* ("Partners have a duty to one another to make full disclosure of all matters affecting the partnership . . . ." (citations omitted)). Third, partners can agree **[*19]** to provide notice of pending litigation to one another in their partnership agreement. *See Tex. Bus. Orgs. Code § 152.002* ("[A] partnership agreement governs the relations of the partners and between the partners and the partnership."). Though the Partners would have us presume our holding causes them harm, we are not persuaded. We have declined in some instances to recognize a special accrual date where the policies underlying limitations outweigh any justification for doing so. *See, e.g., Robinson v. Weaver, 550 S.W.2d 18, 22 (Tex. 1977)* (declining to apply the discovery rule to cases involving medical misdiagnosis). This is not such an instance.

Similarly, our holding avoids the injustice of a partner shielding himself from liability through limitations where their policy purposes are not served. *See Matthews Constr., 796 S.W.2d at 694* (refusing to apply limitations where doing so "would effectively permit the corporate form to be used as a 'cloak for fraud'" (citation omitted)); *Moreno, 787 S.W.2d at 351* ("[Courts] have consciously sought to apply [limitations] with due regard to the underlying statutory policy of repose, without, however, permitting unnecessary individual injustices." (quoting *Fernandi, 173 A.2d at 285*) (other citations omitted)). **HN13** A party doing business with a partnership does so knowing that if the partnership **[*20]** fails on its obligations, relief is not wholly subject to the adequacy of the partnership assets. Conversely, individuals who choose the partnership form as the vehicle for their enterprise do so knowing that their personal assets are on the line. Equity demands we leave these expectations undisturbed where a plaintiff proceeds as the law allows.

* * *

The Legislature has gone to great lengths to address enforcement of a partnership debt against a partner. The court of appeals did not see in the TRPA's scheme legislative intent to supersede our more general limitations jurisprudence. We do, and that intent spurs our determination today. Accordingly, we hold that limitations does not bar American Star's suit against the Partners.[5] We reverse the court of appeals' judgment and remand the case to the trial court for further proceedings consistent with this opinion.

---

[5] The Partners argue that "[t]olling or any other basis to suspend the running of limitations" was not presented to the trial court and cannot serve as grounds for reversal. American Star's argument at all stages concerns when limitations *began*, however, not that they

Jeffrey V. Brown

OPINION DELIVERED: February 27, 2015

Justice

---

were tolled or suspended. "Deferring accrual and thus delaying the commencement **[*21]** of the limitations period is distinct from suspending or tolling the running of limitations once the period has begun." *S.V.*, 933 S.W.2d at 4. Our holding today does the former.

Brett Miller